an agent for the collecting bank, it must at the same time see to it that, when the paper is so presented for payment, it is either properly paid, or returned properly protested. It would not do for the collecting bank, having assumed the obligation to act as agent in collecting the draft, simply to transmit the draft by mail to the payee, and do nothing more to protect its principal. It assumes the active duty of collecting the paper when it accepts it for collection, or else causing it to be duly protested, and notice thereof given, so that the drawer and indorser can be charged; and for a failure to perform this duty the collecting agent is liable to its principal for the amount of the draft.

As we think, upon the facts stated, the plaintiff was entitled to the direction of a verdict, the submission of the question to the jury was not error of which the defendant can take advantage, and it is not necessary for us to examine the correctness of the various propositions charged by the court. Nor do we think that the notice given by the defendant to the plaintiff in September, 1893, as to two checks on the Kearney Bank, which had then been delivered to the defendant for collection, relieved the defendant from the responsibility which we have before indicated should be enforced against it in this action. There is nothing to show that this letter had any relation to any checks except the two therein mentioned, but the notice given by that letter was that the defendant would refuse to receive the drafts therein described as cash, but was willing to receive them for collection, and it is the failure to perform the obligation of the defendant as the collecting agent of the plaintiff that makes the defendant liable.

The objections to the admission of evidence to which our attention has been called by the defendant have been examined, but we do not think there is any error that would justify a reversal of the judgment.

The judgment appealed from should be affirmed, with costs. All concur.

<hr>

(54 App. Div. 281.)

In re HOES.

(Supreme Court, Appellate Division, First Department.    November 9, 1900.)

SURROGATE—POWER TO ORDER REFERENCE.

Under Code Civ. Proc. § 2546, providing that in a special proceeding the surrogate may appoint a referee to take and report the evidence on the facts, and to hear and determine questions on the settlement of an account which he has power to determine, and to make a report thereon, subject to his confirmation, he may, on accounting of an administrator, order a reference to determine whether a claim had been rejected and barred by limitations, under section 1822, or was a valid one, which could be heard by him under said section on the settlement, though this involves an ascertainment of the judicial facts.

Appeal from order of surrogate.

In the matter of the judicial settlement of the account of William M. Hoes, public administrator, as administrator of Patrick McElroy, deceased. From an order of the surrogate directing a reference to

determine the claim of a creditor, the administrator and the next of kin appeal. Affirmed.

Letters of administration upon the estate of Patrick McElroy, deceased, were granted to the public administrator on the 27th day of July, 1895. The claim of the respondent, Catherine Shanley, was filed with him, July 10, 1896, and on July 14, and again on August 19, 1896, the public administrator served on the claimant a printed paper in the following words: "You will please take notice that I doubt the justice and validity of your claim of $3,480 against the above estate, and I hereby consent that such claim be heard and determined by the surrogate upon the judicial settlement of my account, as provided by section 2743 of the Code of Civil Procedure." Indorsed on this notice was the following: "Notice of rejection of claim and consent to have surrogate hear and determine." A copy of the notice was filed with the surrogate by the administrator on the 21st of August, 1896. On May 4, 1900, the administrator filed his account or proceeding, making the claimant a party, who then appeared, and united in and accepted the administrator's consent for the surrogate to hear and determine the claim on the judicial settlement. Thereupon the surrogate made the order referring the matter to a referee "to hear, determine, and report to the court with his opinion," and it is from the order thus made and entered that this appeal is taken by the administrator and by others who are next of kin.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Frank W. Arnold, for appellant administrator.
M. J. Sneudaira, for appellants next of kin.
Michael J. Kelly, for respondent.

O'BRIEN, J. With respect to claims presented to an executor or administrator, three courses are open. He may, when the demand is made, formally or by acquiescence tacitly admit its justice and validity. He may reject the claim, or, neither admitting nor rejecting it, he may consent, as stated in section 1822 of the Code of Civil Procedure, that "said claim may be heard and determined by him [the surrogate] upon the judicial settlement of the accounts of said executor or administrator." And, where the claim is disputed or rejected, as provided in the same section, "the claimant must commence an action for the recovery thereof * * * within six months after the dispute or rejection." Upon the accounting of the public administrator here, therefore, the question arose whether the claim of Catherine Shanley had been rejected, and, if not, whether it was a valid one. To determine this issue, among others, the reference was ordered.

The contention of the appellants that the surrogate had no power to order the reference we regard as without merit, for the reason that section 2546 of the Code of Civil Procedure expressly provides that "in a special proceeding * * * the surrogate may in his discretion appoint a referee to take and report to the surrogate the evidence upon the facts or upon a specific question of fact, to examine an account rendered, to hear and determine all questions arising upon the settlement of such an account which the surrogate has power to determine and to make a report thereon subject, however, to confirmation or modification by the surrogate." It is reasoning in a circle to contend, because the necessary jurisdictional facts are not before the surrogate, that he has no power to act, when the

purpose sought by the reference is to ascertain the facts upon which his determination of the jurisdictional and other questions must depend. As said in Re Pearsall, 4 N. Y. Supp. 365:

"The claim that the surrogate had no power to determine this question, even if that could be considered now, is clearly without foundation, as it is only upon the existence of certain facts that the jurisdiction of the surrogate can be exercised."

So here, after the ascertainment of certain facts which the surrogate has undoubted power to obtain by means of a reference, he can determine, besides the others, the question of jurisdiction. As shown by the order appealed from, the public administrator objected to a reference "on the ground that the claim had been rejected, and that no action had been begun within six months thereafter, nor any consent filed with the surrogate that the claim be heard upon the judicial settlement of the accounts of the administrator within a like period, and that said claim is now barred by the statute of limitations. This question as to the statute of limitations, together with the others raised by the notice which had been served by the administrator, that "he doubted the justness and validity of the claim," was the one referred, and, when the facts are found by the referee, the issues will again come before the surrogate for his determination. Thus it will be seen that the situation was one wherein the surrogate had power, under section 2546 of the Code of Civil Procedure, to appoint a referee.

We think, therefore, that the order should be affirmed, with $10 costs and disbursements. All concur.