## CLARK v. SCOVILL et al.

(Supreme Court, Appellate Division, Fourth Department. January 17, 1906.)

EXECUTORS—ACTIONS—LIMITATIONS.

> Under Code Civ. Proc. § 1822, providing that an action on a claim rejected by an executor must be commenced within six months after the rejection, unless a written consent is filed by the respective parties that the claim may be heard and determined by the surrogate on the judicial settlement of the executor's accounts, a claimant bringing an action in the Supreme Court is not relieved from the operation of the six months limitation by the filing of such consent; the provision of the section cited applying only to proceedings on the claim before the surrogate.

Appeal from Trial Term, Steuben County.

Action by Margaret E. Clark against Edward Tracy Scovill and another, as executors of the will of John Hyland. From a judgment sustaining a demurrer to two defenses in the answer, defendants appeal. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, and KRUSE, JJ.

Peck & Whitbeck, for appellants.

Charles W. Stevens and Charles D. Newton, for respondent.

WILLIAMS, J. The judgment should be reversed, with costs, and judgment entered overruling the demurrer, with costs.

The action is upon a promissory note, alleged to have been made by defendant's testator. The defendants deny the making and delivery of the note, set up the six months statute of limitation, and in the two defenses demurred to allege the following facts: September 17, 1900, the plaintiff presented her claim upon the note against the estate. October 26, 1900, the claim was disputed and rejected by defendants. March 15, 1901, the defendants filed with the surrogate a written consent that the said claim be heard and determined by him upon the judicial settlement of their accounts as executors, and March 22, 1901, the plaintiff filed a like consent with the surrogate. These consents were filed pursuant to section 1822 of the Code of Civil Procedure. After the filing of these consents it was mutually stipulated by the parties in the Surrogate's Court that the trial of the claim be had before the surrogate before the judicial settlement. Pursuant to such stipulation the trial was had, and on May 31, 1902, the surrogate decided the note was not made by the testator, was a forgery, and disallowed the claim, with costs. June 14, 1902, a judgment was entered upon this decision. An appeal was taken from such judgment to the Appellate Division of the Supreme Court, where, November 17, 1903, the judgment was reversed,

on the ground that the surrogate had no jurisdiction to hear and determine the claim, except upon the judicial settlement of the executor's accounts. Upon this decision, July 5, 1904, a judgment was entered, and the matter remitted to the Surrogate's Court for such further proceedings as might be proper. No proceedings have ever yet been instituted for a judicial settlement of the executor's accounts.

This action was commenced January 3, 1905. The defense of the six months statute of limitations is fatal to the maintenance of this action unless the time has been extended by the filing of the consents under section 1822 of the Code. The provision is that the claimant must bring her action within six months after the rejection of the claim unless the consents are filed. The consents are inoperative unless filed by both parties. When they are so filed, the plaintiff may wait until the judicial settlement is had, without any statute of limitations affecting her, and may then have her claim tried and determined. The consents, when filed, operate as an agreement between the parties avoiding the six-year statute of limitation and giving the surrogate jurisdiction which he would not otherwise have to hear and determine the claim. The claimant cannot abandon her agreement by selecting some other court for the enforcement of her claim, and still retain the benefit of the extension of the limitation beyond the six months. She has attempted to relieve herself from that agreement by bringing this action in the Supreme Court, and therefore the six months statute is in force, and she cannot recover. She has no other remedy to enforce her claim except to submit the same to the Surrogate's Court on the judicial settlement of the executor's accounts.

It is said that this conclusion should not be arrived at because it leaves the claimant at the mercy of the executors; that she cannot apply for such settlement, and the executors may neglect to do so for years or for all time. The answer to this proposition is that section 2727 provides that the judicial settlement may be instituted upon the petition of a creditor. It does not provide that the creditor's claim must be admitted or established. Formerly it was held that only a creditor whose claim had been admitted or established could institute the proceeding, but the reason for such holding was that the surrogate had no jurisdiction to try or determine a disputed claim, and until the claim was admitted or established by some other competent court the surrogate should not entertain the proceeding, because it could not be known, until the claim was established, that the creditor had any interest in the estates or would be entitled to share in the disposition of the estate. Matter of Whitehead, 38 App. Div. 319, 56 N. Y. Supp. 989. Under this statute, however, upon the filing of the consents, the surrogate is vested with jurisdiction upon the judicial settlement to try and determine the claim, and can then settle the question whether the claimant has such interest and is entitled to share in such distribution. Nor can it be doubted that if the executors refuse to institute the proceedings for a final settlement upon request of the claimant unreasonably, and the claimant cannot herself commence the same, the claimant can obtain relief in Surrogate's Court, or certainly in the Supreme Court, from the effect of the agreement made by the consents, so as to retain the benefit of the extension of the six months limitation. We have no doubt, however, that

the claimant can herself institute the proceeding. Very likely the surrogate can, of his own motion, initiate the proceedings under section 2726 of the Code of Civil Procedure, and, if he can, he will certainly do his duty, and so protect the claimant against unnecessary and unlimited delay.

We conclude that the defenses demurred to are fatal, if established, to plaintiff's right to maintain this action.

Interlocutory judgment reversed, with costs, and demurrer overruled, with costs. All concur.