(112 App. Div. 547)

## HUMMEL v. HURD.

(Supreme Court, Appellate Division, Fourth Department. May 2, 1906.)

1. EXECUTORS—ACTIONS—EVIDENCE—SUFFICIENCY.

In an action on a claim against a decedent's estate, evidence *held* sufficient to sustain a finding that deceased had agreed to pay plaintiff $1,000 in addition to weekly wages for her services.

2. SAME—LIMITATIONS—EVIDENCE.

In an action on a claim against a decedent's estate, evidence *held* to show that plaintiff had received a written notice from the executor more than six months prior to the commencement of the suit, rejecting or disputing her claim, so that it was barred by the six-month limitation, prescribed by Code Civ. Proc. § 1822.

Appeal from Trial Term, Erie County.

Action by Louise Hummel against Henry C. Hurd, as executor of the estate of Cloyes Hurd, deceased. From a judgment in favor of plaintiff, and an order denying a motion for new trial, made under Code Civ. Proc. § 999, defendant appeals. Reversed, and new trial granted.

The action was commenced on the 19th day of April, 1901, to recover the amount claimed to be due and owing to the plaintiff from the estate of one Cloyes Hurd, deceased, represented by the defendant, Henry Hurd, as executor. Two defenses were interposed by the answer: First, that the plaintiff had no valid claim against the decedent's estate; and, second, that her alleged cause of action was barred by section 1822 of the Code of Civil Procedure, because, as alleged, the action was not begun within six months after her claim was disputed or rejected; there being no written consent filed by the respective parties with the surrogate that said claim may be heard, etc., as required by said section. Both issues were determined adversely to the defendant by the verdict of the jury.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, NASH, and KRUSE, JJ.

Thomas E. Boyd, for appellant.
Percival M. White, for respondent.

McLENNAN, P. J. Practically the only contention made by the appellant is that the verdict of the jury was contrary to or against the weight of the evidence, except he urges that, as matter of law, the evidence establishes that a notice disputing plaintiff's claim was served upon her more than six months before the action was commenced, and therefore that her claim was barred by the statute. Cloyes Hurd, defendant's testator, died on the 18th day of January, 1900, then being about 87 years old. The plaintiff had resided with, worked for, and taken care of him continuously for 25 years up to the time of his death. During the last years of his life, he being in feeble health, she performed the duties of nurse, and they constituted the only members of the household. So far as appears, she served him faithfully, and their relations were always friendly and agreeable. Concededly, for the services rendered the plaintiff received, or was entitled to receive, $2 per week, but the defendant claims she had been fully paid for the same by the deceased. Plaintiff's claim as finally presented to the executor included about $100, alleged to be due and owing to her on account of her weekly wages. It also included a balance of $400,

which she claimed was owing to her under an oral agreement made years before the testator's death, the exact date not appearing, by which, as alleged, the deceased promised and agreed that, if the plaintiff would remain with and care for him until his death, she should be entitled to receive $1,000 in addition to her weekly wages. There was also included in the claim as presented a promissory note for $300, dated November 2, 1899, executed by the deceased, and payable to the plaintiff with use one year after date. It is claimed by the plaintiff that this note was given to her by the deceased to apply upon the $1,000 agreement; also, that shortly previous to his death he gave her a check for $300 to be applied in the same manner, leaving a balance due her by virtue of said alleged agreement of $400. The defendant contended, in substance, that the check for $300 was given by the deceased and received by the plaintiff in full payment of all demands, that the promissory note was without consideration, and that the alleged agreement to pay $1,000 was never made.

The chief question of fact, so far as the genuineness of plaintiff's claim is concerned, involves the proposition as to whether the $1,000 agreement was made. The plaintiff sought to prove such agreement by three witnesses, each of whom testified, in substance, that upon one occasion he or she heard the deceased admit, in answer to a question put or suggestion made by the plaintiff, that he had made such an agreement, and by two other witnesses that he admitted there was $400 due thereon, or that $600 had been paid on the same. Such witnesses only assume to give the merest fragments of such conversations, in most instances simply disconnected remarks of the deceased, always made in response to a suggestion made by the plaintiff. The testimony offered by the plaintiff to prove that the agreement in question was made is not entirely satisfactory, and we would conclude that it was subject to the criticism stated in Hamlin v. Stevens, 177 N. Y. 39, 69 N. E. 118, and so not of sufficient probative force to establish the agreement, were it not for the fact that the defendant's testimony, given upon cross-examination, strongly tends to corroborate plaintiff's claim in the premises. He testified:

"I know a matter of fifteen, sixteen, or seventeen years ago, father offered to give her $1,000 if she would stay as long as he lived, and if she would sign a contract."

No contract was signed, but the plaintiff did stay, and we think the fair inference is that she stayed because of the promise which the defendant says his father made, even although the execution of a written contract was not insisted upon.

Upon all the evidence (and we have only called attention to the more prominent features) we think this court ought not to interfere with the finding of the jury that the agreement was made, and that the other items of plaintiff's claim were valid because contrary to or against the weight of the evidence.

The evidence, however, wholly fails to support the finding necessarily involved in the verdict, that the notice disputing plaintiff's claim, specified in section 1822 of the Code of Civil Procedure, was not served upon her more than six months before this action was brought. Concededly, the testator died on the 18th day of January, 1900. On January 29, 1900, the executor began the publication of notice to

creditors to present their claims against the estate. About the 26th day of July the plaintiff presented her claim as finally prepared to the executor, and he claims that on the 16th day of August following he caused a notice in writing in due form to be personally served upon her, by which he disputed said claim, and offered to refer the same. The action was not begun until eight months and ten days after the date when it is alleged such notice was served. If so served, concededly the action is barred by the statute, and the learned trial court so charged the jury. The evidence given upon this issue is remarkable in that it very clearly indicates that the attorney of record for the plaintiff, and who took part in this trial and also upon a former trial, had personal and positive knowledge that such notice had been served upon his client, and still was in the attitude of urging in the court below and before this court that such notice had not in fact been served. Briefly, the testimony upon that issue is as follows: Mr. Troilus C. Koons, who is an attorney and counselor of this court, testified positively that he prepared upon his typewriter the notice Exhibit H in duplicate for and at the request of Mr. Henry G. Adams, the attorney of record for the defendant, and that he delivered both to Mr. Adams. He positively identified Exhibit H as being the notice made, and was equally positive that the other was an exact duplicate. Mr. Adams testified that he received such notice in duplicate from Mr. Koons; that he then signed them both as attorney, and gave them to the defendant, who also signed both as executor, making each an original notice; that after carefully comparing them he delivered them on the 16th day of August, 1900, to one George Gurney, a constable at North Evans, N. Y., where all the parties resided, and directed him to serve the same upon the plaintiff; that he saw the constable go across the street where the plaintiff resided with such notices in his hand, saw him hand a paper to the plaintiff, and immediately return the other to the witness; that the one so returned is Exhibit H, and has been in possession of witness ever since. The constable testified that he received the notices from Mr. Adams on the 16th day of August, 1900; that he compared the same, and immediately went across the street where plaintiff was, handed one to her, and returned the other, Exhibit H, to Mr. Adams; that the one delivered to plaintiff was a duplicate of Exhibit H. But this is not all. Mr. Adams testifies that shortly after such notice was served upon the plaintiff, at the request of her attorney, he went to his office in the city of Buffalo, and that he then saw the notice which he had signed, and which was an exact duplicate of Exhibit H, in the possession of plaintiff's attorney. He also testifies that, after the expiration of six months from the date of service of such notice, plaintiff's attorney called upon him, and asked him to waive such service, and the statute which had run against plaintiff's claim by reason thereof; that plaintiff's attorney made several similar requests, all of which were refused. Mr. White, plaintiff's attorney, does not attempt to contradict Mr. Adams, was not sworn as a witness either upon this or the former trial, although Mr. Adams had testified practically as above indicated upon both. The plaintiff hardly testified that a duplicate of Exhibit H was not served upon her. Indeed, she admits that a notice entitled "In the Surrogate's

Court," and signed by Henry Adams, was served upon her at the time claimed by the plaintiff; but she states that, as she recollects, it did not contain the word "dispute" or "reject," and that, therefore, it was not a duplicate of Exhibit H. Her testimony in that regard, in view of the other evidence to which attention has been called, is not sufficient to make an issue of fact. Indeed it is established, practically beyond doubt, that the notice in question was served upon the plaintiff; that her attorney of record knew that fact; that it had been delivered to him, and presumptively was in his possession when he was urging in the court below and upon this appeal that it had never been served.

It follows that the judgment and order appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide event upon questions of fact.

Judgment and order reversed, and new trial granted, with costs to appellant to abide event upon questions of fact. All concur.