Under Code Civ. Proc. § 1822, where the consent signed by the executor and claimants for the hearing and determination of claims by the surrogate on judicial settlement of the executor's account were signed within six months, but not filed within such time as required by the section, the surrogate had no jurisdiction to pass upon said claims, and they were barred by the short statute of limitations.

In the matter of the estate of Zenana Bork. Objections to jurisdiction of court to pass on claims alleged to be barred by limitation. Objections sustained.

Mason & McNamara, for creditor Robert L. Utley.

A. L. McAdam, for administrator.

S. E. Spinning, for claimants Jacob Minning, Eliza Johnson and Carrie Johnson.

SEXTON, S.   Prior to 1895, the Surrogate's Court had no jurisdiction to try any claims of the character involved. By chapter 595, p. 398, Laws 1895, such authority was given upon the judicial settlement of the accounts of an executor or administrator, as provided in section 1822 of the Code of Civil Procedure.

It seems that Jacob Minning, Eliza Johnson, and Carrie Johnson presented claims against the above estate to Roscoe C. Hall, as executor, which were on March 30, 1905, duly rejected in writing, and that thereafter, under date of June 27, 1905, a consent was signed by the executor and said claimants, which provided that said claims should be heard and determined by the surrogate upon the judicial settlement of the accounts of said executor. This consent was not, however, filed,

until February 27, 1906, about 11 months after rejection, and then by claimant or claimants. Consents are inoperative unless filed by both parties. When so filed, the parties may wait until judicial settlement is had, at which time the claims may be tried and determined. Such consents, when filed, operate as an agreement between the parties, avoiding the six months' statute of limitations, and conferring jurisdiction upon the surrogate which he would not otherwise have to hear and determine the claim. No consent having been filed within the time required by section 1822 of the Code of Civil Procedure, this court has therefore no jurisdiction at this time to pass upon said claims; and said claims are barred by the short statute of limitation, as provided by section 1822 of the Code of Civil Procedure, and the claimants are without remedy as against the decedent's property. Code Civ. Proc. § 1822; Clark v. Scovill, 111 App. Div. 35, 97 N. Y. Supp. 1117.

It is contended upon the part of the claimants that an agreement exists between them and the executor in writing which, in equity at least, should bind the estate. Such a doctrine cannot be maintained, if at all, in an insolvent estate, for the reason that a creditor whose claim is not barred has the right to object to barred claims and to invoke the statute of limitations. Matter of Kendrick, 107 N. Y. 104, 13 N. E. 762. In this estate objections in writing have been filed by Robert L. Utley, a creditor, to all claims which have been rejected and not brought within section 1822 of the Code of Civil Procedure; and in this contention he is supported by the administrator of the estate.

I therefore hold as a matter of law that the Surrogate's Court is without jurisdiction to hear and determine any of the claims in this estate which have been rejected, where consents have not been filed as required by section 1822 of the Code of Civil Procedure. If these views are not acquiesced in by any interested party, a hearing may be had, as the question of jurisdiction, as here presented, can only be determined upon evidence. Matter of Hoes, 54 App. Div. 281, 66 N. Y. Supp. 664. Decreed accordingly.