MARGARET E. CLARK, Appellant, *v.* EDWARD T. SCOVILL et al., as Executors of JOHN HYLAND, Deceased, Respondents.

1. DECEDENT'S ESTATE — METHODS OF ESTABLISHING CLAIMS REJECTED BY EXECUTORS OR ADMINISTRATORS OF ESTATES. A person having a claim against the estate of a decedent, which has been presented to and duly rejected by the executor or administrator of the estate, may take any one of three proceedings to establish the claim, each of which is independent and exclusive of the others. 1. The claimant may accept an offer of the executor or administrator, if made, to refer the claim to a referee to be approved by the surrogate and appointed by an order filed with the clerk of the Supreme Court in the county in which the parties or either of them reside (Code Civ. Pro. § 2718). 2. The claimant may, within six months after the rejection of the claim, commence an action against the executor or administrator for the recovery thereof (Code Civ. Pro. § 1822). 3. The claimant may, within six months after the rejection of the claim, file a written consent with the surrogate that such claim be heard and determined by him upon a judicial settlement of the account of the executor or administrator and if a similar consent is filed by the executor or administrator, the surrogate obtains jurisdiction to hear and determine the claim (Code Civ. Pro. §§ 1822, 2743).

2. SAME — HOLDER OF PROMISSORY NOTE MADE BY A DECEDENT IS A "CREDITOR" OF A DECEDENT'S ESTATE, AND THE NOTE IS A "DEBT" WHICH MAY BE HEARD AND DETERMINED BY A SURROGATE — CODE CIV. PRO. § 2514 — EFFECT OF CONSENT THAT SURROGATE HEAR AND DETERMINE SUCH CLAIM. A promissory note, purporting to have been made and delivered by a testator a few days before his death, is a "debt," and the holder thereof is a "creditor" of the testator, within the meaning of the statute (Code Civ. Pro. § 2514), which provides that "The word 'debts' includes every claim and demand upon which a judgment for a sum of money, or directing the payment of a sum of money, could be recovered in an action; and the word 'creditor' includes every person having such a claim or demand;" and where, within six months after such note was presented to and rejected by the executors of said testator, the executors filed a consent that the claim be heard and determined by the surrogate upon the judicial settlement of their account, which the

holder of such note accepted by filing a similar consent, such claimant thereby selected the method or procedure by which she desired to establish her claim, and is bound thereby, and, being a "creditor" of the estate, entitled to establish her claim before the surrogate upon the judicial settlement of the executors, whenever it may be, is, therefore, interested in and a party to such judicial settlement, and can insist upon an accounting by the executors in the Surrogate's Court.

3. SAME — WHEN CONSENT THAT CLAIM BE DETERMINED BY SURROGATE HAS-BEEN FILED BY A CLAIMANT, AN ACTION AT LAW CANNOT BE MAINTAINED FOR THE RECOVERY OF THE CLAIM. Where such claimant has, in the manner provided by the statute (Code Civ. Pro. § 1822), elected to have the claim decided by the surrogate, such election is final and conclusive and the claim must be heard and determined by the surrogate at the judicial settlement of the executors of the estate. The surrogate has no jurisdiction, even with the consent of all the parties, to hear and determine the claim at any other time or except as part of the proceeding to judicially settle the accounts of the executors, nor can the claimant, upon the default, or refusal, of the executors to institute a proceeding to settle their accounts, maintain an action at law to recover the claim; the claimant must, either, wait until the executors voluntarily institute the proceeding to settle their accounts, or apply to the surrogate, as a creditor of the decedent (Code Civ. Pro. § 2727), for an order directing the executors to render and settle their accounts.

*Clark* v. *Scoville*, 116 App. Div. 923, affirmed.

(Argued January 10, 1908; decided January 21, 1908.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered January 9, 1907, affirming a judgment in favor of defendants entered upon a verdict directed by the court.

The plaintiff is in the possession of a promissory note of ten thousand dollars dated February 1st, 1900, payable to her order one year after date, which she alleges was executed by the defendants' testator and delivered to her a few days before his death. The testator's will was duly proven and letters testamentary thereon were duly issued to the defendants. On September 17th, 1900, the plaintiff duly presented to said executors a claim upon said promissory note, which claim was on November 24th, 1900, duly rejected in writing, in which notice of rejection said executors offered to refer the same. On May 16th, 1901, the defendants filed with

the surrogate a consent that the claim be heard and determined by him upon the judicial settlement of the account of the executors. On May 20th, 1901, the plaintiff duly filed a similar consent. Thereafter and before the commencement of a proceeding for the judicial settlement of said account the parties hereto by consent in open court proceeded before the surrogate to a trial of said claim. Upon such trial the surrogate decided in favor of the defendants and judgment was entered upon such decision. An appeal was taken therefrom to the Appellate Division and said judgment was by said court reversed upon the ground that the surrogate had no jurisdiction to hear and determine the claim except as a part of a proceeding to judicially settle the executors' account. In the judgment of reversal entered July 5th, 1904, the claim was remitted to the surrogate for such further proceeding as might be proper. On August 29th, 1904, the plaintiff presented a petition to the Surrogate's Court praying for a judicial settlement of the account of the executors. A citation was thereupon issued to the executors requiring them to show cause why they should not judicially render and settle their account, and on the return day thereof the executors filed an answer to the petition in which among other things they denied that the petitioner was a creditor of said estate or that she was authorized to institute the proceeding. The plaintiff thereupon withdrew the petition and served a notice upon the defendants to commence proceedings to judicially settle their account within ten days, or in default thereof the plaintiff would construe such failure as a refusal to institute such proceeding. The plaintiff then waited nearly two months, and upon January 3, 1905, commenced this action upon said note. An answer was interposed by the defendants, in which they alleged as a defense the several facts which constitute the history of the transactions as herein stated, and the defendants also alleged that the action had not been commenced within a period of six months after the dispute and rejection of said alleged claim. A demurrer was interposed to the new matter alleged as a

defense.   The demurrer was sustained.   An appeal was taken from the interlocutory judgment sustaining the demurrer to the Appellate Division, where the judgment was reversed and the demurrer overruled (111 App. Div. 35).   An appeal was then taken therefrom to this court, which appeal was dismissed (185 N. Y. 541).   Thereupon the issues were tried and a verdict was directed in favor of the defendants.   An appeal was taken from the judgment entered upon such verdict, and upon such appeal the judgment was affirmed.   From such judgment of affirmance an appeal is taken to this court, and the notice of appeal specifies that it is the intention of the appellant to review said interlocutory judgment.

*Charles D. Newton* and *Charles W. Stevens* for appellant. The consents filed in the Surrogate's Court by the respective parties did not amount to a waiver by the claimant of her right to a trial by jury, nor did they suffice to confer exclusive jurisdiction upon the Surrogate's Court. (*Johnson* v. *H. R. R. Co.*, 49 N. Y. 455; *Benton* v. *Wickwire*, 54 N. Y. 226; *Farey* v. *Gravesend*, 104 N. Y. 405; *Salters* v. *Tobias*, 3 Paige, 338; *Fitzgerald* v. *Quann*, 109 N. Y. 441; *Dean* v. *M. El. Ry. Co.*, 119 N. Y. 540; *Matter of Randall*, 152 N. Y. 508; *Matter of Bolton*, 159 N. Y. 134; *Matter of Thompson*, 184 N. Y. 36; *Matter of Walker*, 130 N. Y. 20.) Only a creditor with an admitted or established claim can compel a judicial settlement of the executors' account. (*Matter of Stevenson*, 77 Hun, 207; *Matter of Huntington*, 39 Hun, 477; *Matter of Whitehead*, 38 App. Div. 319; *Matter of Reinach*, 41 Misc. Rep. 79.)

*Fletcher C. Peck* for respondents.   The signing and filing of the written consents by the claimant and the executors with the surrogate that the disputed claim be heard by him upon the judicial settlement of the executors' accounts, as provided by section 1822, Code of Civil Procedure, conferred jurisdiction upon the surrogate, and from that time the plaintiff's claim was a proceeding pending in the Surrogate's Court.

(Code Civ. Pro. § 1822; *Lambert* v. *Craft*, 98 N. Y. 348; *Schultz* v. *Morette*, 146 N. Y. 144; *Butler* v. *Johnson*, 111 N. Y. 204; *Bloodgood* v. *Breun*, 8 N. Y. 362; *Clark* v. *Hyland*, 88 App. Div. 392; *People* v. *Bd. of Suprs.*, 68 N. Y. 114; *People ex rel. Comstock* v. *Mayor, etc.*, 12 N. Y. Supp. 890.) The plaintiff, having elected by stipulation to try this claim before the surrogate of Livingston county, cannot ignore or change such stipulation, except by a consent of the defendants, or the order of the surrogate upon cause shown. (*Matter of N. Y., L. E. & W. R. R. Co.*, 98 N. Y. 447; *Dubuc* v. *Lazell & Co.*, 182 N. Y. 482; *Hustis* v. *Aldridge*, 144 N. Y. 508.)

CHASE, J. The plaintiff having duly presented her claim against the estate of the decedent to the executors of his will, and the executors having duly rejected the claim, and in the notice of rejection offered to refer the same, there was open to her three ways, by any one of which she could have proceeded to establish her claim : (1) She could have accepted the executors' offer to refer the same and joined with them in an agreement in writing to refer the matter in controversy to one or more disinterested persons to be approved by the surrogate, and upon filing such agreement and approval in the office of the clerk of the Supreme Court in the county in which the parties or either of them reside an order would have been entered by the clerk referring the matter in controversy to the person or persons so selected (Code Civil Procedure, § 2718). (2) She could have commenced an action for the recovery of the claim against the executors, in which case it was necessary for her to commence the action within six months after the dispute or rejection of the claim (§ 1822). (3) She could within six months after the claim was rejected have filed a written consent with the surrogate that said claim might be heard and determined by him upon a judicial settlement of the account of said executors, as provided in section twenty-seven hundred and forty-three of the Code of Civil Procedure. If a similar consent had been filed by the execu-

tors, the surrogate would have obtained jurisdiction so to have heard and determined said claim.

Each of the ways provided for establishing such a claim is independent of the other. Where the claim is referred, upon the entry of an order as stated, the proceeding becomes an action in the Supreme Court (§ 2718). Such simple and summary procedure takes the place of the usual method of commencing an action, forming and serving the pleadings therein, and obtaining when possible the necessary order referring the issues to a referee. It results in a pending action in the Supreme Court, and it is as exclusive of other actions or proceedings as if it were an action commenced by the service of a summons.

If the claim is not referred, or the written consents given as stated, an action for the recovery of the claim must be commenced within six months after the dispute or rejection of the claim, or it will be barred as stated. Where the respective parties file a written consent with the surrogate that the claim be heard and determined by him upon the judicial settlement of the account, it is mutually beneficial to each of the parties consenting thereto. The filing of the consents does not in any way affect the running of the Statute of Limitations except so far as relates to the hearing and determination of the claim by the surrogate. All of the statutory provisions relating to the presentation of claims against the estate of a decedent and for determining their validity and amount are intended to disclose to an executor or administrator information as to the number and character of such claims and the alleged amount of each, and also to furnish a speedy and inexpensive method by which all claims not admitted and allowed by such executor or administrator can be established in whole or in part or wholly barred as a claim against the estate. The authority of the surrogate to hear and determine a disputed or rejected claim upon a judicial settlement of the account of an executor or administrator has been but recently conferred by statute (Laws 1895, chap. 595). Such authority was granted as a further aid in the speedy and inexpensive adjustment of the

differences between claimants and the representatives of deceased persons.

If, after filing such consents, a claimant is left at his option to establish his claim upon the judicial settlement of the account of the executor or administrator or to bring an action upon the claim at any time thereafter without limitation it would be subversive of the intended purpose of allowing the filing of such consents and the hearing and determination of such claims by the surrogate upon the judicial settlement of the account of the executor or administrator. The several methods provided for establishing a claim against the estate of a decedent, which are intended to simplify and facilitate the adjustment and payment of claims, should not be used to complicate and retard the final distribution of the estate. Within six months after the claim in this case was rejected the defendants filed a consent that the claim be heard and determined by the surrogate upon the judicial settlement of their account. The plaintiff then by filing a similar consent voluntarily selected the method or procedure by which she desired to establish her claim and she should be and is bound thereby.

The plaintiff is mistaken in assuming that she cannot insist upon an accounting by the executors in the Surrogate's Court. She is a creditor at least to the extent of having a claim against the estate of the decedent with the right to establish such claim upon the accounting in the Surrogate's Court. It is provided by section twenty-five hundred and fourteen of the Code of Civil Procedure as follows: "The word 'debts' includes every claim and demand, upon which a judgment for a sum of money, or directing the payment of money, could be recovered in an action; and the word 'creditor' includes every person having such a claim or demand, * * *." The authorities cited by the appellant to the effect that where a claim presented to the representatives of the estate of a decedent has been rejected the claimant is not entitled upon petition to a citation directed to an executor or administrator to show cause why he should not render or settle his account,

1908.] People ex rel. Security T. Co. *v.* Treasurer, etc. 15

N. Y. Rep.] Statement of case.

because such a claimant is not a creditor whose claim can be established before the surrogate are not applicable to a case where the respective parties have consented as provided by statute to the surrogate hearing and determining the claim upon the judicial settlement of the account of the executors. Where the consents have been filed as stated the claimant may and must establish his claim before the surrogate. He is interested in the accounting. In such a case a claimant is a creditor within the meaning of section twenty-seven hundred and twenty-seven of the Code of Civil Procedure.

The plaintiff's complaint was properly dismissed and the judgment appealed from should be affirmed, with costs.

Cullen, Ch. J., Gray, Vann, Werner, Willard Bartlett and Hiscock, JJ., concur.

Judgment affirmed.