(75 Misc. Rep. 526.)

## VAN NESS v. KENYON.

(Supreme Court, Trial Term, Washington County.   February, 1912.)

1. EXECUTORS AND ADMINISTRATORS (§ 245*)—CLAIMS AGAINST ESTATE—NO-
TICE OF DISPUTE—EFFECT.
   A notice served by an executor under Code Civ. Proc. § 2718, that he
doubts the justice of a verified claim against the estate and offers to re-
fer it, binds him and estops him from claiming that he rejected the claim
under section 1822.
   [Ed. Note.—For other cases, see Executors and Administrators, Cent.
Dig. §§ 867–869; Dec. Dig. § 245.*]

2. EXECUTORS AND ADMINISTRATORS (§ 245*)—ACTIONS—LIMITATION.
   Where an executor serves upon a claimant a notice, under Code Civ.
Proc. § 2718, that he doubts the justice of the claim and offers to refer
it, and a referee is agreed upon, but subsequently the executor refuses
to proceed with the reference on the ground that the claim is barred by
the short statute of limitations, the executor is estopped, in an action by
him to recover from defendant the purchase price of personalty and the
rent of a farm, to plead the short statute of limitations to defendant's
claim, pleaded as a counterclaim, on the ground that his notice was a re-
jection of the claim as required by section 1822.
   [Ed. Note.—For other cases, see Executors and Administrators, Cent.
Dig. §§ 867–869; Dec. Dig. § 245.*]

Action by Charles H. Van Ness, as executor of Leroy Whitaker,
deceased, against J. Andrew Kenyon.   Judgment for defendant.

Harry L. Russell, for plaintiff.
Herbert A. Van Kirk, for defendant.

VAN KIRK, J.   This action is brought by an executor to recover
on two counts:   (1) For personal property of deceased sold to de-
fendant at auction, $76.20;   (2) for rental of farm of deceased to de-
fendant, $50.   The defendant in his answer has set forth three coun-
terclaims:   (1) For services rendered to the executor, as such;   (2)
and (3) for claims against the deceased.   The action was tried with
a jury.   Plaintiff claimed that counterclaims 2 and 3 were barred by
the short statute of limitations.   A verdict of the jury was taken,
subject to the opinion of the court as to the application of the statute.
The facts of the case are undisputed.   In December, 1910, the defend-
ant presented a verified claim to the executor containing the same
matter as alleged in his counterclaims numbered 2 and 3.   Under date
of December 12, 1910, the executor served upon the defendant a no-
tice in these words:

"You will please take notice that I doubt the justice and validity of your
claim of $748 against the above-named estate, and I hereby dispute the same
and offer to refer it under the statute to some suitable and proper person as
referee, to be approved by the surrogate, to hear and determine the same."

Defendant's attorney, shortly thereafter, had an interview with
the executor, and the executor testifies as to said interview in sub-
stance as follows:   We agreed to refer the claim to James Gibson,
Jr., of Salem, and after some conversation it was left to defendant's
attorney to prepare the necessary papers.   More than six months

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r indexes

thereafter the defendant's attorney presented the papers to the executor, who is an attorney at law, and who felt that the statute had run against the defendant's claim, and therefore refused to execute the papers. Thereafter the executor brought this action, and the defendant answered, setting up the counterclaims. So, briefly, the condition is this: The executor, having a claim against the defendant, and knowing that the defendant has a larger offset or counterclaim, serves a notice offering to refer the counterclaims, agrees to refer the same, and chooses the referee; then, later, because the executor thinks the short statute has run, he brings an action upon his claim against the defendant, and says, "My claim is not barred, but yours is."

[1] The sole question here presented is whether or not counterclaims 2 and 3 are barred by the statute of limitations. Two sections of the Code are involved, 1822 and 2718. The first applies where a claim is absolutely rejected. The title is "Limitation of action by creditor on claim rejected," etc., so it is intended to cover claims rejected and none other; no qualification in the executor's notice, which might lull to sleep the creditor's attention, is permissible. The "consent" mentioned is to be filed with the surrogate, not incorporated in the notice. In this section the short statute is enacted. Section 2718 applies to a different case. Under it the claim is not absolutely rejected, but the executor may give notice that he doubts the justice of the claim and offers to refer it. In this section there is no short statute of limitations. It is decided in Clark v. Scovill, 191 N. Y. 8, 83 N. E. 659, that a proceeding under one of these sections is entirely independent of a proceeding under the other; and that, where a party has elected to take one proceeding, he cannot thereafter abandon it and proceed under any other course that was originally open to him. These two sections of the Code are not to be read together, and the limitation in section 1822 is not to be read into section 2718.

The question, therefore, is whether or not the notice, under date of December 12, 1910, was the rejection of the claim required under section 1822 or the other notice under section 2718. Section 1822 is a penal statute, and the executor cannot invoke the short statute of limitations under it unless he has complied with its terms exactly. One of the requirements is that the claim must be absolutely rejected and in such form that the claimant will be without excuse for failing to resort to his action within the time required to save his claim. Ulster County Savings Institution v. Young, 161 N. Y. 33, 55 N. E. 483; Hoyt v. Bonnett, 50 N. Y. 542, cited in 161 N. Y. 33, 55 N. E. 483. The discussion in Hoyt v. Bonnett, 50 N. Y. on pages 542 and 543, is applicable to the case at bar and very instructive. I find no modification of this rule. When the verified claim was presented to the executor, in making his reply, he had the choice of serving his notice under section 1822 or section 2718. Clark v. Scovill, 191 N. Y. 8, 83 N. E. 659. The executor did not serve a notice absolutely rejecting the claim under section 1822. The notice contains no warning that claimant must proceed by action if he intends to enforce his claim. The wording of his notice identifies it as a notice under, and intended to be under, section 2718. The expressions conform substantially to sec-

tion 2718 and do not to section 1822. Under section 1822 there is no warrant for using the expression that he doubts the justice of the claim, or that he offers to refer it. Nor has he filed his consent to leave it to the surrogate. And in this connection the amendment of 1895 should be remembered; before that, section 1822 contained a provision for a reference under the statute. By that amendment this provision was stricken out and a provision substituted for filing a consent with the surrogate that he hear the claim. The use of the word "dispute" by the executor does not bring the notice under section 1822. In that section the word "dispute" is a synonym for the word "reject." The executor in his notice has not so used it, but his wording plainly conveys the impression that he disputes the claim because he doubts the justice of it. Having served his notice under section 2718, and thus having elected to proceed thereunder, he is bound thereby and is not now at liberty to claim that he was proceeding under section 1822. Clark v. Scovill, 191 N. Y. 14, 83 N. E. 659.

[2] I have examined the cases cited by the plaintiff and find none that seems to me to be in conflict with this holding. In Matter of Brown, 76 App. Div. 185, 78 N. Y. Supp. 297, a claim was rejected, and the administratrix filed a consent to leave it to the surrogate under section 1822. The procedure followed was, therefore, under section 1822, and the short statute therein applied. Cornes v. Wilkin, 79 N. Y. 129, arose before the amendment of 1895. In that case the claim was presented and rejected; later, in May, 1874, the executor wrote offering to submit the claim under section 372 of the Code. The claimant made no reply until March, 1876. In answer to the claimant's position that the executor's letter was a waiver, the court said:

"To constitute a waiver, the offer should have been accepted within six months and have been followed by an actual submission as proposed."

It appeared, therefore: First, that the claim had been absolutely rejected; next, that the claimant had not, as in the case at bar, complied with the proposition made by the representative of the estate. Clark v. Scovill, 191 N. Y. 8, 83 N. E. 659, holds that, after the claim is duly rejected, three ways are open to the claimant; that the proceedings under section 1822 and section 2718 are each independent of the other. The claimant in that case had selected a way for establishing her claim by consenting to leave it to the surrogate and she was bound thereby. She could not, therefore, afterward proceed by action. In Matter of Hoes, 54 App. Div. 281, 66 N. Y. Supp. 664, the administrator rejected the claim and consented to leave it to the surrogate. Four years later the claimant accepted the administrator's consent and the surrogate referred the claim to be heard and determined. This order was appealed from by the administrator on the ground that the claim was rejected; no action having been begun within six months, and no consent having been filed on the part of the claimant. The court held on appeal that the reference was proper. In Hummel v. Hurd, 112 App. Div. 547, 98 N. Y. Supp. 801, the only question decided was whether a notice of rejection had been served; it was conceded that the notice was an absolute rejection, and the court did not pass upon it in this respect. The trial resulted in a judg-

ment for the claimant; the executor, who was the defendant, appealed. In its opinion, the court, after considering the sufficiency of evidence in the case, says, on page 550 of 112 App. Div., on page 802 of 98 N. Y. Supp.:

"The evidence, however, wholly fails to support the finding necessarily involved in the verdict that the notice disputing the claimant's claim specified in section 1822 of the Code of Civil Procedure was not served upon her more than six months before this action was brought."

And, again:

"If so served, concededly the action is barred by the statute, and the learned trial court so charged the jury."

Therefore the question was whether the notice was served. The question presented in the case at bar was not determined in that state.

While I find no decisions in conflict with the above construction of these two sections of the Code, I find two in harmony therewith (Matter of Eichman, 33 Misc. Rep. 322, 68 N. Y. Supp. 636; Matter of Scheetz, 62 Misc. Rep. 166, 116 N. Y. Supp. 428), neither of which cases has been passed upon by a higher court.

Considering the undisputed facts in this case and the conduct of the parties, the executor is now estopped from insisting that his notice was the rejection required by section 1822, and that the short statute has run. The court appreciates the great importance of requiring that executors and claimants should not rely upon oral agreements, but should use writings; still, in this case, it is the executor himself, called by the defendant, who testifies to the agreement. There is no dispute, therefore, but that there was a bona fide reference of defendant's claims, and the claimant was justified in understanding, from the negotiations between his attorney and the executor and from the form of notice served by the executor, that the executor was proceeding under section 2718, that his claim had not been absolutely rejected, and that he should act accordingly. There is no requirement in section 2718 specifying the time within which the order of reference must be entered. In the headnote in National Bank of Fishkill v. Speight, 47 N. Y. 668, is the following:

"But where an agreement in writing to refer is made, upon which both parties have acted, although no referee is chosen, the claim will be regarded as referred, for the purpose of avoiding the statute of limitations. The statute is highly penal in its character and should be strictly construed. In such a case, also, the principle of equitable estoppel will apply."

See, also, Calanan v. McClure, 47 Barb. 206, 211.

I conclude therefore that the notice served by the executor in December, 1910, was not the absolute rejection required by section 1822; that the short statute of limitations was not set in motion by the service of this notice; that the executor, by his notice, showed that he had elected to proceed under section 2718, and that he was bound by that election; that plaintiff is now estopped from insisting that his notice was the rejection required by section 1822, and that the short statute has run; that therefore the counterclaims were not barred; and, when the executor refused to proceed upon the reference, that the defendant

had the right to set up his claims as counterclaims to the cause of action stated in the executor's complaint.

The plaintiff has not objected that the defendant, having agreed to refer his claims, cannot plead them as counterclaims in court.

Plaintiff's objections to the counterclaims are overruled, and an order may be entered directing that judgment may be entered on the written verdict returned by the jury.

Judgment accordingly.