The executors must be held to account for this loss.

Decreed accordingly.

---

Matter of the Judicial Settlement of the Accounts of EDWARD TRACY SCOVILL and FRED W. NOYES, as Executors of the Last Will and Testament of JOHN HYLAND, Deceased; and in Connection Therewith the Trial of the Claim of MARGARET E. CLARK, Claimant, against the Estate of JOHN HYLAND, Deceased.

(Surrogate's Court, Livingston County, December, 1914.)

Surrogate's Court — filing of petition in, prior to September, 1914 — Code Civ. Pro. §§ 2538, 2771.

Section 2771 of the Code of Civil Procedure is general in its application and all proceedings instituted by the filing of a petition in Surrogate's Court prior to September 1, 1914, are governed and controlled solely by the practice as it existed prior to said date.

Where in 1901 it was stipulated that a claim on a promissory note made by decedent, and duly presented to the executors, should be heard before the surrogate on the judicial settlement of the accounts of the executors, and a decision of the Court of

Appeals, affirming an order of the Appellate Division which reversed an order sustaining a demurrer to the answer in an action brought in the Supreme Court on said claim, held that under the stipulation the claimant was bound by her election to try the case before the surrogate, her demand for a jury trial under section 2538 of the Code of Civil Procedure, as amended, will be denied.

Where the claimant as an incident to the retrial of the case before the surrogate after the reversal of a decision in her favor demanded a jury trial under said section 2538, she was not entitled to a special order denying her request; had her counsel wished to institute a separate proceeding upon which an order should be made and entered it should have been done before moving the case for trial, in which event she might have been entitled to an order which could have been reviewed.

AT the opening of the third hearing of the above contested claim the claimant demanded a jury trial under section 2538 of the amended Surrogate's Court Code.

Thereafter counsel requested the surrogate to sign a formal order denying such request.

Peck & Whitbeck, for executors.

Charles D. Newton and E. P. Ward, for claimant.

ABBOTT, S.   This is a special proceeding instituted by the filing of a petition for the judicial settlement of the accounts of the executors of John Hyland, deceased, filed December 29, 1905.

Prior to that time, Margaret E. Clark had presented a claim to the executors of said estate upon a note of $10,000, dated February 1, 1900, which she claimed was executed and delivered to her by John Hyland on or about that date.

By stipulation between the executors of the estate and the claimant — stipulation of the executors dated

May 14, 1901, and of the claimant May 20, 1901 — it was stipulated that this claim be heard before the surrogate on the judicial settlement of the accounts of the executors of said estate.    Thereafter the claim was heard by Hon. E. P. Coyne, surrogate of Livingston county, and a decision rendered adverse to the claimant.    The matter was then appealed to the Appellate Division and said decision of the surrogate was reversed and the case sent back to this court for a new trial.    Thereafter an action was commenced in the Supreme Court of Steuben county for the collection of this claim, to which the executors interposed an answer which was demurred to by claimant.    That demurrer was argued at Special Term and sustained. An appeal was thereafter taken to the Appellate Division and the demurrer was reversed and an appeal was thereafter taken to the Court of Appeals and the decision of the Appellate Division was sustained and the case was ended.    In that decision of the Court of Appeals the court held that the claimant, having elected to try this claim before the surrogate of Livingston county, could not thereafter try it before any other court or in any other manner.    Thereafter the case came on for another hearing before Surrogate Reynolds of Allegany county on an order from the surrogate of this county designating him to try the claim, on the ground that the surrogate of Livingston county was disqualified, and the decision of Surrogate Reynolds was in favor of the claimant. Thereafter an appeal was taken to the Appellate Division and the decision of Surrogate Reynolds was reversed and the case sent back to this court for a new trial which is the situation of the case today.    The claimant, as an incident on the retrial of the case before the surrogate of this county, demands a trial by jury, under the new amended Surrogate's Court

Code, section 2538. On neither of the former trials of this proceeding was any demand made for a trial by jury, as far as this court is informed. Prior to the 1st of September, 1914, since which time a trial by jury was possible in such a proceeding in Surrogate's Court, or even of any portion of a trial sent to a jury for that purpose, under the decision of the Court of Appeals in *Clark* v. *Scovill*, 191 N. Y. 14, the status of the proceeding and the manner of the trial of this claim as the law stood prior to the 1st of September, 1914, was settled and determined and that it could only be had before the surrogate of this county upon the judicial settlement of the accounts of the executors.

Under the new Surrogate's Code (Laws of 1914, chap. 443), which in many respects altered the procedure of this court, a trial by jury is given in certain cases where it is seasonably demanded under section 2538. It is under that section that the claimant now asks for a jury trial in this case and the court must hold that it is not seasonably demanded in this case, for the reason that it never was before asked on the former trials of the case and, so far as the court is informed, it never has been the practice in any action. Furthermore, under section 2771 of the new Code, it is expressly provided that " Nothing in this chapter shall repeal, amend or modify any existing law * * * which is inconsistent with any section of this chapter, nor in any manner affect any litigation, action or special proceeding pending at the time when this act takes effect, and such pending action or special proceeding shall proceed under the practice established, the same as though not affected by this act."

This court has repeatedly held, in other proceedings, that this section is general in its application, and that all proceedings which were instituted by the filing

Surrogate's Court, Livingston County, December, 1914. [Vol. 88.

of a petition prior to the 1st of September, 1914, are governed and controlled solely by the practice as it existed prior to the 1st of September, 1914, which is the case in this proceeding now before us; so that this court must hold that in the trial of this case the proceedings must be the same in practice as they were prior to the 1st of September, 1914, and that it has been already adjudicated and is *res adjudicata* in this matter that the proceeding must be tried before the surrogate of Livingston county on the judicial settlement of this estate.

The request for a jury trial in this matter is, therefore, denied.

Counsel thereafter requested the surrogate to sign a formal order denying claimant's demand for a jury trial.

By the court: The court is of the opinion that this application, made at the time it was and in the manner it was, is but an incident in the trial of this proceeding in this court and that neither side is entitled to any specific special order denying or granting such a demand. If counsel had wished to institute a separate proceeding upon which an order should be made and entered, my opinion is it should have been done prior to moving for trial, and had it been done in that way, I think they might have been entitled to an order, which could have been reviewed later, but not where the matter comes up on the trial of the case, and the court declines to sign any order in the premises.

Decreed accordingly.