JEANNE FRIEDBERG, Plaintiff, v. MECHANICS BANK OF BROOKLYN and Others, Executors, etc., of HYMAN SELVERSTONE, Deceased, Defendants.

City Court of New York, Bronx County, November 18, 1929.

*Louis I. Hochstein*, for the plaintiff.

*Isidore Kayfetz* and *Samuel Caplan*, for the defendants.

DONNELLY, J. This action is brought upon promissory notes made by Hyman Selverstone, deceased. The notes were given to accompany a mortgage of real property in Florida. At the time of his death, Selverstone was domiciled in Kings county, in this State, and was sojourning in Miami, Fla., when the notes were

made and delivered and made payable at the First National Bank of Miami, Fla. He died the 5th day of February, 1928, in the city of Miami, county of Dade, State of Florida, seized and possessed of real and personal property within said county and State and leaving a last will and testament which was duly admitted to probate by the surrogate of the county of Kings. Thereafter letters testamentary were duly issued by said surrogate to the Mechanics Bank of Brooklyn, Benjamin Milgram and Israel Geltman, who were named in said will as executors and who thereupon duly qualified as such.

On December 14, 1928, a verified notice of the claim arising upon the notes was duly presented to said executors by the payee, Jennie L. Jacobson. On January 3, 1929, the executors rejected the claim. From the language of the written rejection by the executors of the payee's claim, and from the answer interposed by them, it is apparent that they were acting and relied upon section 211 of our Surrogate's Court Act when they refused to approve the claim. Their failure then to insist that the claim be presented to the county judge of Dade county, Fla., who, they allege, granted ancillary letters to Milgram and Geltman in that State, at least was an act of bad faith, if indeed their conduct does not estop them now from setting up the Florida statute as a bar. (*Van Ness* v. *Kenyon*, 75 Misc. 526; affd., 151 App. Div. 948.) After the rejection of the claim and on March 19, 1929, this action was commenced against the defendants Mechanics Bank, Milgram and Geltman. These defendants, having defaulted for want of an answer, a written stipulation was entered into between them and the plaintiff, through their respective attorneys, by the terms of which the defendants, in consideration of the plaintiff's opening their default, waived their right to serve an amended answer. Shortly after this stipulation, Geltman died, and thereafter Catherine S. Caplan was appointed executrix of the last will and testament of Hyman Selverstone, deceased, in his place and stead. At the opening of the trial before me, almost seven months after the stipulation, the attorney for the said Catherine S. Caplan moved to amend the answer herein by setting up certain statutes of the State of Florida, which provide that no claims or demands shall be binding upon an estate, or the executor or administrator thereof, unless the same shall be duly sworn to and presented to the county judge of the county granting letters testamentary or of administration thereon, and which statutes further provide that any claim or demand not so presented within twelve months from the time of the first publication of the notice therein provided for the presentation of such claims or demands shall be barred by limitation. In my opinion, the stipulation pre-

cludes the defendants from interposing the defense of the Florida statutes as a bar.

The defendants' claim that an extension of time for the payment of the notes was given by the payee to one or both of the decedent's grantees of the property covered by the mortgage to accompany which the notes were given, is not sustained by the evidence. The evidence is uncontradicted that under the law of Florida, the extension, to be valid and binding, must be in writing and executed and acknowledged with the same formality as an instrument of conveyance. The weight of the credible evidence is that no written or oral extension was given.

So far as the first two notes are concerned, and these matured during the lifetime of the maker, the evidence is uncontradicted that when each of them became due, demand for payment thereof was made by the payee's son, acting for his mother in that behalf, at the place where the notes say payment was to be made, namely, the First National Bank of Miami, Fla., and payment refused. The third and last note became due a short time after the death of the maker. There is convincing evidence that the deceased maker, upon a number of occasions, the last time about a week before his death, expressed a desire and intention to pay this as well as the other two notes. At common law there was no duty imposed upon the payee of the note, in which the place of payment was specified, to present the note for payment at maturity to the personal representative, if such there were, of the deceased maker. My attention has not been called to any statute of the State of Florida which changes the common law in this respect. The Negotiable Instruments Law was enacted in 1897, as the outcome of a general movement to bring about a uniform law in this country covering the subject of bills and notes. (*Commercial Nat. Bank of Syracuse* v. *Zimmerman,* 185 N. Y. 210, 216.) Where no place of payment is specified, presentment for payment must be made to the personal representative of the deceased person primarily liable on the note, if there be a personal representative who has been appointed and can be found with the exercise of reasonable diligence. (Neg. Inst. Law, § 136; *Reed* v. *Spear,* 107 App. Div. 144, 146.) The evidence is likewise uncontradicted that when the third note became due, it was presented for payment at the First National Bank, Miami, Fla.

There is no competent evidence before me of the issuance of ancillary letters testamentary on the estate of Hyman Selverstone, deceased. They are not authenticated in the manner prescribed by section 45 of our Decedent Estate Law (as amd. by Laws of 1929, chap. 230). The objection to their admission in evidence is sustained, with an exception to defendants. But if, as claimed

by the defendants, ancillary letters testamentary were issued to two of the executors herein, namely, Benjamin Milgram and Israel Geltman, on July 10, 1928, by the county judge of Dade county, Fla., and if on the same date such executors caused to be published in Florida their first notice to all persons having claims or demands against the estate of their testator to present the same to said judge at his office in the court house in said county, and it, therefore, follows that as Mrs. Jacobson did not present her claim on the notes within twelve months after July 10, 1928, she is forever barred from making any claim thereon against the estate of Hyman Selverstone in Florida, I fail to see how Mrs. Jacobson is precluded from enforcing her claim in the courts of this State, against the estate of the deceased here. She presented her claim to the executors who qualified in this State, and, when her claim was rejected, she assigned it to a resident of Bronx county for the purpose of giving this court jurisdiction to sue upon it here. This she had a perfect right to do. She was equally entitled to commence action in her own name in the Brooklyn division of this court without going through the formality of having previously presented her claim to the executors here. (*De Planter* v. *De Kryger*, 117 Misc. 795, 797.) The place of payment being specified in the notes, she was under no obligation to seek the personal representative of the deceased maker in the State in which such representatives were appointed and could be found. For the purpose of enforcing her claim on the notes, she had the right to pursue her remedy against the estate here, by presenting her claim to the executors who qualified in this State.

Had Mrs. Jacobson elected to enforce her claim in Florida, and thus been barred now by limitation under the statute in that State, the same result would not follow here. (Civ. Prac. Act, § 13.) The period of twelve months ensuing the first publication of the notice in Florida did not expire until July 10, 1929. This action was commenced March 19, 1929, less than three months after the rejection of her claim by the executors here and within the time prescribed by section 211 of our Surrogate's Court Act for the beginning of actions after the rejection of claims by executors or administrators. In *Isenberg* v. *Rainier* (145 App. Div. 256, 258), quoted with approval in *Kahn* v. *Commercial Union of America, Inc.* (227 App. Div. 82), the court said: "Thus an action, whether by a resident or non-resident, *must* be brought within the time limited by our general Statute of Limitations; and if it arose in a foreign State in favor of a non-resident it *cannot* be brought after the time limited by the laws of the State in which the cause of action arose."

Under section 4854 of the Revised Statutes of Florida (Acts of 1909, chap. 5960, § 4, as amd.), where the amount demanded for the collection of a note is ten per cent of its face value, it is unnecessary to prove the reasonable value of the fee. The plaintiff's attorney gave evidence, which was not contradicted, detailing his services. His claim of $225 therefor is not unreasonable.

Verdict for plaintiff for $2,375, which is made up as follows:

| | |
|---|---:|
| Principal.................................... | $1,500 00 |
| Interest thereon from March 3, 1925, four years, eight months................................ | 560 00 |
| Interest on deferred interest payments at eight per cent, computed from date when each interest payment became due and payable................. | 90 00 |
| Attorney's fee................................ | 225 00 |
| | $2,375 00 |

Ten days' stay of execution and thirty days to make and serve a case allowed.