## In the Matter of the Estate of MAX MALLIN, Deceased.

Surrogate's Court, Bronx County, January 13, 1932.

*Blum & Jolles* [*Abraham Israelite* of counsel], for the petitioner.

*Maurice Knapp*, for the administrator.

HENDERSON, S.   In this proceeding to compel the administrator to render and settle his account, the petitioner alleges that she is a creditor of the decedent.   Her petition contains allegations of all other necessary jurisdictional facts and they are not denied.   The administrator disputes the allegation of petitioner's status in the following language of his answer; " Denies each and every allegation sufficient to form a belief as to the truth of the allegations of the petitioner Sophie Kallay that she is a creditor of the deceased." The respondent has filed with his answer an affidavit in which he alleges that his letters were issued on July 18, 1929; that no claim was filed by the petitioner until August 20, 1930, more than one year after the issuance of his letters; and that her claim was duly rejected on August 26, 1930.   He contends that " the issue of claim " should first be tried; that " it is not necessary as a preliminary thereto to file an account," and that an accounting should not be directed until the petitioner has proved that she is a creditor.

Prior to 1895 a surrogate had no jurisdiction to try or to determine disputed claims against the estate.   Amendments to the Code of Civil Procedure, in that year, provided that if consents that a rejected claim be heard and determined by the surrogate upon the judicial settlement of the account were filed by the respective parties, jurisdiction to determine the claim upon such settlement became vested in the surrogate.   (Code Civ. Proc. §§ 1822, 2743.) Such was the law at the time of the decision in *Clark* v. *Scovill* (191 N. Y. 8).   The Code was revised in 1914, so as to give the surrogate such jurisdiction upon the filing of such a consent by the claimant alone.   (Code Civ. Proc. § 2681.)   The statute has since been amended to vest such jurisdiction in the surrogate without the filing of any consent.   It is now provided that, unless the claimant commence an action within the period prescribed by statute, the rejected " claim shall be tried and determined upon the judicial settlement."   (Surr. Ct. Act, § 211.)   The decision in the case above cited continues to be authority, under the present statute, for holding that the petitioner is a creditor within the meaning of subdivision 1-a of section 259 of the Surrogate's Court Act, and as defined by statute (Surr. Ct. Act, § 314, subd. 3), and that she can insist upon an accounting by the administrator.   The petitioner may institute this proceeding without first establishing her claim. (Surr. Ct. Act, § 259, subd. 1-a; *Clark* v. *Scovill*, 111 App. Div. 35; appeal dismissed, 185 N. Y. 541.)   This court has no jurisdiction

to hear and determine the claim in the absence of statutory provision therefor. (*Matter of Thompson*, 184 N. Y. 36, 44; *Clark* v. *Scovill, supra; Matter of Clark* v. *Hyland*, 88 App. Div. 392; *Matter of Brennan*, 129 Misc. 283, 288.) The only statutory grant of such jurisdiction to the surrogate, now in effect, prescribes that the claim shall be tried and determined upon the judicial settlement. (Surr. Ct. Act, § 211.) In that proceeding all interested parties will be before the court, may take part in the litigation and will be concluded by the decree therein. (Surr. Ct. Act, § 274.) The establishment of the claim in a competent tribunal, prior to the judicial settlement of the account, would not preclude interested parties from showing upon such settlement that the judgment against the administrator was obtained by fraud negligence or collusion. (Surr. Ct. Act, § 210.)

If the claim is established on the trial of the issue of status, and objections to the account, on the grounds above noted, are thereafter filed, there would be two trials of the same issue in the same court with a possibility of different determinations, depending upon the evidence submitted. The procedure urged by the administrator would also result in multitudinous proceedings and trials where there are numerous rejected claims against one estate, each of which is disallowed in a separate proceeding brought by the claimant thereof to compel an accounting. The Surrogate's Court Act provides for the trial and determination of all claims against one estate as well as all controversies between the interested persons in one proceeding. The procedure expressly provided by the statute is preferable to, and more expeditious than that demanded by the administrator. Whether or not the claim was filed more than one year after the issuance of letters does not affect the right of the petitioner to demand an accounting. The only effect of the failure to file the claim within the year is expressed in section 208 of the Surrogate's Court Act. If the administrator had knowledge of petitioner's claim, he would not be relieved from liability under this section. (*Matter of Gill*, 199 N. Y. 155, 157; *Matter of Ebenstein*, 116 Misc. 543, 548.)

The administrator has neither filed an account nor shown good cause whey he should not do so. He will be directed to account by filing his account and a petition for the judicial settlement thereof within ten days after the service upon him or his attorney of a copy of the order to be entered hereon, with notice of entry thereof. Settle order.