VAN BRUNT, P. J., BARRETT, RUMSEY and INGRAHAM, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.

In the Matter of the Application of JOHN WHITEHEAD, a Creditor, Respondent, to Compel an Accounting by CHARLES H. STEINWAY and Others, as Executors, etc., of WILLIAM STEINWAY, Deceased, Appellants.

38   319
39 Mis¹479

*Compulsory accounting by executors — not ordered on the application of one whose claim to be a creditor is disputed by the executors — exercise of his discretion by the surrogate — silence is not an admission of a claim by executors.*

Where the claim of an alleged creditor, who applies to the surrogate to compel an accounting by the executors of a decedent, is disputed by such executors, the surrogate, having no power to order payment of the claim, should not require the executors to render an account.

Good cause is shown to the contrary on such an application, where the executors show that the claim is disputed and allege facts which, if true, would tend to show that the petitioner is not a creditor.

The petitioner should, in such a case, establish his position as a creditor by first resorting to an action in a court which has jurisdiction to try the disputed claim.

In or during an accounting upon the application of such a petitioner the surrogate cannot be said to have exercised the discretion conferred upon him by section 2726 of the Code of Civil Procedure, as to requiring executors to account.

The mere presentation of a claim to executors, who are silent in respect thereto, does not establish it so as to give the surrogate jurisdiction to decree its payment on a settlement of the executors' accounts.

APPEAL by Charles H. Steinway and others, as executors, etc., of William Steinway, deceased, from an order of the Surrogate's Court of New York county, entered in said Surrogate's Court on the 14th day of December, 1898, directing the executors to file their accounts.

*J. Delahunty*, for the appellants.

*George H. Bruce*, for the respondent.

INGRAHAM, J.:

The petitioner presented to the surrogate a petition alleging that he was a creditor of the estate of William Steinway, deceased; that he had filed his claim with the executors, and that his said claim was thereupon admitted; that more than eighteen months had expired since the granting of letters testamentary; and that his claim had not been paid, and no accounting had been made by such executors; and the petitioner prays that a citation may issue directed to said executors requiring them to show cause why an order should not be made directing that the executors judicially settle their accounts as such executors of the estate of William Steinway, deceased. Upon the return of the citation an answer was filed on behalf of the executors, denying that the claim had been admitted; denying that the petitioner was a creditor of the estate, and alleging facts which, if true, show no liability on the part of the estate. This answer was verified by one of the executors. The petitioner replied, setting up facts which, if true, would tend to show that he had a valid claim against the estate. Neither the petition nor the reply was verified by the petitioner, but by his attorney upon information

and belief, alleging that the attorney's knowledge of the facts was derived from statements made to him by the petitioner's agent and from papers, writings and documents in the deponent's possession. Upon these papers the surrogate made an order directing the executors to account.   We think this order should be reversed.

The jurisdiction of the surrogate to compel payment of a claim against an estate is confined to undisputed claims.   If the executors dispute the claim, or have such knowledge of it as enables them to doubt its validity, the surrogate has no power to order the payment of the claim.   The claimant is compelled to resort to his action in a court having jurisdiction to try disputed claims. (*Lambert* v. *Craft*, 98 N. Y. 342, 347.)   The only object in the surrogate's requiring the executors to account upon an application of a creditor, is that a decree may be entered under the provisions of the Code directing the executors to pay the claim if they have assets of the estate in their hands sufficient for that purpose.   It is true that, under section 2727 of the Code of Civil Procedure, a creditor may present a petition to the surrogate praying for a judicial settlement of the accounts of the executors, and that, unless the executors show good cause to the contrary, an order should be made directing them to account; but where the executors show that the claim is disputed and allege facts which, if true, would tend to show that the petitioner was not a creditor, then we think that good cause has been shown to the contrary and the petitioner should establish his position as a creditor by resorting to an action in a court which has jurisdiction to try a disputed claim. The mere presentation to the executors of a claim, with silence on the part of the executors in respect thereto, does not render the claim an established one so as to give to the surrogate jurisdiction to decree its payment on a settlement of the executors' accounts. (*Matter of Callahan*, 152 N. Y. 320, where the court say: "We are of opinion that mere silence on the part of an executor or administrator after the presentation of a claim under the statute, accompanied by lapse of time, will not in any case preclude the representative from thereafter contesting its validity. * * * But the claim does not become established from mere silence of the executor or administrator.")   In this case the executors have distinctly disputed the claim by a verified answer, and the surrogate

was without jurisdiction to determine the question whether the disputed claim was valid or to decree its payment.

It is said, however, that, under section 2726 of the Code, a surrogate has power in his discretion at any time to require an executor to account, and that such power may be exercised with or without a petition or suggestion from any one, and that the surrogate having exercised his jurisdiction, the fact that the petitioner was not a creditor would not justify a reversal of the order. It is a sufficient answer to this to say that the surrogate has not exercised this power. The proceeding was commenced by a person claiming to be a creditor for the purpose of establishing his interest in the estate as such creditor; and it was to enforce this alleged right of the petitioner that the order was made. So far as appears, no one whose interest in the estate is undisputed requests an accounting at the present time. It now appears that the petitioner's claim is disputed by the executors; that the surrogate would have no power to order payment of that claim by the executors, and that the estate is not in such a condition that there can be a final accounting. The only result of decreeing such an accounting would be that an expensive preliminary account would be required when the estate is not ready for final distribution and when no benefit could accrue to the petitioner, as the surrogate would have no jurisdiction to decree payment of his claim.

Counsel for the executors states that this estate is very large, exceeding $1,500,000. An accounting of such an estate would involve great expense which must be borne by the estate, and so far as appears would be of no advantage to any one. We think that to order an accounting under such circumstances was an abuse of the discretion vested in the surrogate and justifies the interference of this court.

The order is, therefore, reversed, with ten dollars costs and disbursements, and the proceedings dismissed, with ten dollars costs.

VAN BRUNT, P. J., BARRETT, RUMSEY and O'BRIEN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and proceedings dismissed, with ten dollars costs.