(35 Misc. Rep. 639.)

CITY OF NEW YORK v. UNITED STATES TRUST CO. OF NEW YORK
et al.

(Supreme Court, Special Term, New York County.  August, 1901.)

TRUST—VALIDITY.

A will provided for the payment of testator's just debts, and for a life estate in his remaining property to his widow, the executrix. The widow never accounted as executrix, and a city had recovered a judgment against the debtor.  *Held*, that the widow and the remainder-men could not, by a trust created after her husband's death for the benefit of such remainder-men, and covering his whole property, prevent the city from enforcing its judgment against the trust property.

Action by the city of New York against the United States Trust Company of New York and others.  Judgment for plaintiff.

John Whalen, Corp. Counsel, and Charles Blandy, for plaintiff.

Edward W. Sheldon (George L. Shearer and W. A. W. Stewart, of counsel), for defendant United States Trust Co.

Jurden E. Seeley, for defendant Johnstone.

CLARKE, J. On the 20th day of June, 1882, the mayor, alder-men, and commonalty of the city of New York, plaintiff's predeces-sor, obtained a judgment against Louis J. Jordan in the sum of $3,371.92. Execution was thereafter duly issued, and returned whol-ly unsatisfied. On the 15th of November, 1884, there was paid on account of said judgment by Mrs Estella J. Jordan, his wife, the sum of $250; otherwise said judgment remains unsatisfied. On or before the 26th of February, 1889, Louis J. Jordan, the judgment debtor, died, leaving a last will and testament, wherein, after pro-viding for the payment of his just debts and funeral expenses, and for the maintenance, support, and education of his children, he gave, devised, and bequeathed all the rest, residue, and remainder of his estate to his said wife, to be used and enjoyed by her during her natural life, and appointed her sole executrix. The will was duly probated, and letters testamentary issued to Mrs. Jordan. She duly advertised for claims against the estate, and none were proved. The estate consisted of $16,954.90, collected on a policy of insurance, which was made payable to the insured's executors, administra-tors, and assigns. The executrix never filed any account with the surrogate, and was never discharged as executrix. But on or about the 13th of March, 1889, she delivered to the United States Trust Company the said sum of $16,954.90, the entire property of the estate of Jordan, under an agreement in which it was provided that the said trust company should receive and hold said moneys as trustee, to apply the income thereof to the use of two daughters of said Louis J. Jordan, in equal shares, during their lives, and on their death to transfer the entire estate to his son, Henry J. Jordan, etc. This trust agreement was executed by Mrs. Jordan and the son, Henry J., and subsequently a confirmatory agreement was executed and delivered by the daughters, and releases were executed by all the children—who were the reversioners under the will—to Mrs. Jordan, the executrix, wherein and whereby they waived any judicial account-ing by her, and provided that said releases should be regarded as con-stituting in all respects a full and complete ratification and discharge from her executorship. Outside of this trust fund, there is no prop-erty of Jordan's estate. The city now brings suit against the trust company, the widow and executrix, and the three children, benefi-ciaries under the trust agreement, asking judgment decreeing that it is a creditor of the decedent to the extent of the judgment; that as such it has a lien upon said trust fund prior to the creation of said trust; and that the trust company pay to it the unsatisfied amount of said judgment, with interest.

Upon the death of Louis J. Jordan his estate became liable for the payment of his just debts. Upon his executrix, vested with the legal title to the personal estate, devolved the duty of paying those debts, not only by operation of law, but by the express terms of the will. After the payment of the debts, she was given a life estate in decedent's property, and, by operation of law, with reversion over to his next of kin,—his children. Instead of paying this judgment debt, of which she was cognizant, and instead of retaining possession of the estate, and enjoying it during her life, she elected to pay

the entire amount coming into her hands over to the trust company under a trust agreement which disposes of the property in a different way than that contemplated in the will, and there it stands to this day. While no case exactly on all fours with the case at bar has been cited to the court, it would seem that, with all the parties and all the facts before the court in an equity suit, it ought not to be difficult or impossible for the court to find and apply a remedy. The fund which Mrs. Jordan disposed of by the trust agreement was received by her in her representative capacity, impressed with the duty of paying plaintiff's judgment debt. She has treated it as her own, and disposed of it in toto, and it still exists intact. The legal title to it is in the trust company, but the beneficial use is in certain of the next of kin of decedent. It was only after the payment of just debts that it was applicable to any purpose. If it still remained in the hands of the executrix, or if it had been distributed to legatees, it might be reached by appropriate proceedings. Can it be that by putting it in trust, in violation of her own duty first to pay debts, plaintiff must be defeated? To be sure, this is not an action under section 1837 of the Code. Such an action cannot be brought, as there has been no payment of legacies to legatees. The legal title is not under the will, but the trust deed. No precise Code provision can, perhaps, be pointed out under which an action could be maintained. But there is the fund out of which this creditor should have been satisfied. All parties are before the court, the defenses interposed are solely technical objections to the form of the action, and hence I find myself constrained to direct judgment for the plaintiff.

Judgment for plaintiff.