(Surrogate's Court, New York County. December, 1902.)

**1. ADMINISTRATION—INVENTORY—APPLICATION.**
    An application to compel executors of an estate to file an inventory
    can only be made by a creditor or a person interested in the estate.

**2. SAME—SUFFICIENCY.**
    An allegation in an application for an order requiring executors of an
    estate to file an inventory, alleging that the applicant is a stockholder
    in a corporation out of which the testator, who was an officer, improp-
    erly made large profits, and that the applicant had sued in behalf of the
    corporation to recover the same because the corporation would not do
    so, is insufficient to show the applicant to be a creditor of the estate, or
    interested in it, so as to compel the executors to file an inventory.

**3. SURROGATE—JURISDICTION.**
    The surrogate is without jurisdiction to try and determine a disputed
    claim.

In the matter of the estate of Collis P. Huntington. Application
for an order requiring the executors to file an inventory. Denied.

Robert L. Cutting, for petitioner.

Maxwell Evarts, for executors.

THOMAS, S. The petitioner seeks to obtain an order requiring
the executors of the testator to file an inventory of his estate. In
the petition he alleges that he "has a large claim against the estate,
which he is diligently prosecuting," but no other particulars of his
claim are set forth. In the affidavit upon which his order to show
cause is based he sets forth the grounds of his claim and cause of
action to be as follows: The petitioner is, and since 1894 has been,
a stockholder of the Central Pacific Railroad Company. He says
that "during the years 1865, or thereabout, to 1898, or thereabout,"
the testator was an officer and director of said company, and that he,
together with Leland Stanford, Charles Crocker, Mark Hopkins, and
others, controlled its business and corporate acts; and that he and
his associates were also interested during those years in the Contract
& Finance Company and the Pacific Improvement Company. On
behalf of the Central Pacific Railroad Company, the testator and
his associates entered into contracts with themselves, acting under
cover of the said companies, for the construction and equipment of
the Central Pacific Railroad, and the said construction companies
profited by said contracts to the extent of $125,000,000. On these
facts the petitioner has made demand on the board of directors of the
Central Pacific Railroad Company to bring suit against the estate
of the testator for an accounting and for a decree that the executors
of said estate pay over "to the Central Pacific Railroad Company"
such sum as shall be found due on said accounting. No such action
having been brought by the company, the petitioner has commenced

¶ 1. See Executors and Administrators, vol. 22, Cent. Dig. § 314.

an action for the same relief, which is now pending in the supreme court.

If all of these facts are true, and if they are sufficiently stated, and if the action in the supreme court shall end in a decree awarding the relief the petitioner seeks, the petitioner is not, and will not become, a creditor of the estate of the testator. The creditor is the Central Pacific Railroad Company. The only decree that the supreme court is asked to make is that payment be made to it. It, and not the petitioner, can alone release the claim; and the circumstance that the rules of equity as administered in the supreme court permit the petitioner, in an action in which it is made a party, to assert and litigate its claim, does not have the effect of making the petitioner the owner of the claim or the creditor. In Pendle v. Waite, 3 Dem. Sur. 261, it was alleged that the petitioner was a partner of a son of the decedent; that his partner, without his knowledge or consent, paid $10,000 out of the assets of the firm to the decedent, when the actual debt to him did not exceed $100; that this payment was fraudulent and void as to him and the firm creditors, and that "the said firm or its legal representatives" had a valid claim against the estate for said sum of $10,000. It was held by Rollins, S., that these facts did not make the petitioner a creditor, so as to entitle him to an order requiring the executor to file an inventory, and it was said that "it is not enough for him to aver that some person other than himself is a creditor, even though the allegation to that effect is undisputed." The definition of the word "creditor" in section 2514 of the Code of Civil Procedure is not entirely full, but it does not aid the petitioner. He is not a "person having such a claim or demand," since his claim is subordinate to that of the corporation. The principle that would extend the rights of a creditor to him would also include a person having a power of attorney from the creditor, limited to the commencement of an action in the supreme court in his name, and for a specially defined form of relief. The petitioner's claim is disputed and denied. I am without jurisdiction to try and determine the issues raised, or to adjudge the petitioner to be a creditor of the estate of the testator, even if his allegations, uncontradicted, would make him a creditor. I am therefore precluded from awarding him a remedy which he has no right to demand unless he is a creditor. In re Whitehead, 38 App. Div. 319, 56 N. Y. Supp. 989; In re Wagner's Estate, 119 N. Y. 28, 23 N. E. 200, affirming In re Wagner, 52 Hun, 23, 4 N. Y. Supp. 761.

The respondent concedes that, until his claim has been reduced to judgment, he has no strict legal right; but he argues that under the general power of a surrogate to direct and control the conduct of executors and administrators I may and should require the filing of an inventory, as a duty imposed by statute upon all executors. In support of this contention he cites Thomson v. Thomson (1849) 1 Bradf. Sur. 24; Cotterell v. Brock (1850) Id. 148; Forsyth v. Burr (1862) 37 Barb. 540; Creamer v. Waller (1884) 2 Dem. Sur. 351. Other and later decisions may be found to the same effect, but they all rest on the cases decided by Surrogate Bradford in 1849 and 1850,

without discussion as to the reasons for the rule. Surrogate Bradford discusses the practice of the English ecclesiastical courts, which was, of course, based on special powers belonging to them, not at all applicable here; and rests his decision on a provision of the Revised Statutes then in force. This provision of law was repealed when the Code of Civil Procedure took effect, on September 1, 1880, but it does not seem to have been noticed that these early cases were thus rendered obsolete. The power of control by a surrogate over executors and administrators is, by the Code of Civil Procedure, required to be "exercised in the cases and in the manner prescribed by statute." Section 2472. Section 2716 prescribes the only cases in which the filing of an inventory may be compelled, and it can now only be done on the application of "a creditor or person interested in the estate." The purpose of filing an inventory is to give information to the parties having interest in the assets. Even if a discretionary power could be spelled out from the statute to require the exhibition of the affairs of the estate on the request of a person holding an unproved and disallowed demand, such discretion should be exercised only where the surrogate is satisfied that the claim is probably meritorious, and that the opposition to it is vexatious, and probably unreasonable. The facts disclosed by the affidavits submitted on this application do not lead me to any such conclusion; and, if I have such a discretionary power, I refuse to exercise it. The application is denied.

Application denied.