1 EXECUTORS—CLAIMS AGAINST ESTATE—JURISDICTION OF SURROGATE.
    Where a petitioner alleges that he is the creditor of the decedent, that he has filed his claim with the executrix, who had not rejected it, and the executrix denies receipt of the claim and its validity, and claims that petitioner had admitted to her that he is a debtor to the estate, the surrogate can try the issue whether she received a written statement of the claim and has accepted it, but not the issue raised merely by the claim and its rejection.

In the matter of the estate of Max Reinach, deceased. Motion by creditor that the executrix be required to account. Referee appointed under petition.

Samuel D. Levy, for petitioner.
Henry M. Levin, for executrix.

THOMAS, S. The petitioner alleges that he is a creditor of the decedent, and asks that the executrix be required to account, under section 2727, Code Civ. Proc. Letters testamentary were issued to the executrix on April 12, 1900, and if the petitioner is a creditor of the estate his application should be granted. The petition sets forth that on or about December 14, 1900, petitioner filed his claim with the executrix, and that said claim was "never rejected." By a supple-

mental affidavit the petitioner charges that the executrix "requested deponent to wait for its payment or settlement until some other and unfinished and pending matters for various estates in which said decedent. had an interest were settled up." The executrix by her answer, and also by a supplemental affidavit, denies and rejects the claim, denies that the claim was presented to her as alleged, denies that she ever admitted or recognized any claims of the petitioner against the estate,. and charges that the petitioner was a debtor to the estate, and had admitted that fact to her. If the petitioner is not a credior of the estate, he is not entitled to any relief, and I have no power to try or determine the issues raised merely by the claim and its rejection. In re Whitehead, 38 App. Div. 319, 56 N. Y. Supp. 989. I have, however, jurisdiction to determine the issue raised as to whether the executrix received a written statement of the claim, and thereafter, by her acts, accepted, approved, and promised to pay it, thereby establishing it as valid. In re Miles' Estate, 170 N. Y. 75, 62 N. E. 1084. This issue should not be disposed of upon conflicting affidavits without opportunity for cross-examination. I will therefore appoint a referee to take proof as to this issue, and to report thereon, with his opinion. The final disposition of the motion will await the coming in of the report of the referee.

Decreed accordingly.