THE CITY OF NEW YORK, Respondent, _v._ THE UNITED STATES TRUST COMPANY OF NEW YORK, Individually and as Trustee, Appellant, Impleaded with ESTELLA J. JORDAN JOHNSTONE, Individually and as Executrix, etc., of LOUIS J. JORDAN, Deceased, Respondent, and Others, Defendants.

_Trust fund created by the beneficiaries of a testator — a judgment creditor of the decedent may sue the trustee to have his claim made a lien thereon._

Where the executrix of a testator, after paying all the claims presented against the estate and the expenses of administration, does not file an account of her proceedings or distribute the balance of the testator's estate among his beneficiaries, but, pursuant to an agreement between such beneficiaries, transfers the fund to a trust company in trust to apply the income thereof to the use of the testator's daughters during their lives, and on their death, to transfer the principal to the testator's son, a judgment creditor of the testator, who did not present his claim against the estate pursuant to the advertisement for claims, is entitled to maintain an action against the trust company and the persons interested in the testator's estate to impress the trust fund with the lien of his judgment.

APPEAL by the defendant, The United States Trust Company of New York, individually and as trustee, from a judgment of the Supreme Court in favor of the plaintiff and the defendant Estella J. Jordan Johnstone, entered in the office of the clerk of the county of New York on the 20th day of December, 1901, upon the decision of the court rendered after a trial at the New York Special Term.

_George L. Shearer_, for the appellant.

_Theodore Connoly_, for the plaintiff, respondent.

LAUGHLIN, J.:

This is a suit in equity to impress a trust fund in the hands of the appellant, being the proceeds of an insurance policy on the life of Louis J. Jordan, which was payable to his estate, with the lien of a judgment recovered by the respondent against said Louis J. Jordan and John Lynch. The judgment was recovered and execution was issued and returned unsatisfied during the lifetime of Jordan. He left a last will and testament and his wife was sole executrix. The executrix duly published notice for creditors to present claims, but

the city's claim was not presented. It seems that the debts, with the exception of this judgment, were paid. The widow and the testator's three surviving children were his sole beneficiaries. After the payment of the other debts and the expenses of the administration there was a balance of $16,954.90, which, pursuant to a trust agreement between the widow and the children, was transferred by the executrix to the appellant in trust to apply the income thereof to the use of the two daughters of the testator in equal shares during their lives and on their death to transfer the entire estate to the testator's son. The executrix never filed an account with the surrogate and was never discharged as such, but she was released by the beneficiaries. It appears that the executrix knew of the existence of the judgment, and, during the lifetime of her husband, she paid $250 thereon.

Payment of this judgment could not be enforced against the next of kin or beneficiaries under section 1837 of the Code of Civil Procedure, for the reason that no part of the fund has been " paid or distributed to them." The creditors are entitled to payment of their claims out of the estate of a decedent (Code Civ. Proc. § 2719), and when his property has been distributed to his widow and next of kin or legatees before the payment of all claims, the creditors have a right of action for the amount thus distributed. (Code Civ. Proc. § 1837.) This fund has not been paid or distributed within the meaning of said section 1837 of the Code, but it remains intact and is in equity, so far as creditors are concerned, still part of the estate of the testator, and it is readily identified and should be followed and impressed with the lien of the respondent's judgment to the extent necessary to satisfy the same.

It follows that the judgment should be affirmed, with costs.

VAN BRUNT, P. J., PATTERSON, INGRAHAM and HATCH, JJ., concurred.

Judgment affirmed, with costs.