(41 Misc. Rep. 315.)

### ROWLEY v. NELLIS et al.

(Supreme Court, Special Term, Monroe County.  August, 1903.)

1, ACTION AGAINST HEIRS—FORECLOSURE—DEFICIENCY JUDGMENT.

After the death of the mortgagor the mortgagee released, without the knowledge and consent of the mortgagor's heirs, part of the mortgaged property, and her executrix, on foreclosure of the mortgage, made none of said heirs, except the administrator of the mortgagor, parties, and gave him notice that he was to be liable only as administrator.  The heirs were thereby induced to believe that no deficiency judgment would be enforced against them, and took no steps to protect themselves on the foreclosure sale.  The property was sold for much less than its value, and the heirs conveyed in good faith much of the property which descended to them to innocent purchasers.  Held, that the mortgagee's executrix could not, without leave of court, continue a new action designed to enforce against all the heirs a deficiency judgment entered in the foreclosure suit, particularly where the mortgagor left no personalty and many other debts.

Action by Caroline Rowley, executrix of Ann Wright, against James B. Nellis and others.  Motion for an order nunc pro tunc permitting plaintiff to continue the action.  Denied.

Reed & Shutt, for plaintiff.
Hunn & Ellwanger, for defendants.

DAVY, J.  This action is brought to enforce against the heirs of James H. Nellis a foreclosure deficiency judgment.  The action was commenced without leave of the court, and application is now made for an order nunc pro tunc permitting the plaintiff to continue the action.

The rule seems to be well settled that an application of this character is addressed to the sound discretion of the court.  If it appears that it would be inequitable to allow the enforcement of the deficiency judgment under all the facts and circumstances of the case as they existed at the time of the application, then the court should deny the motion.  The claim that the application should be considered as of the date when the deficiency judgment was entered cannot prevail, because the question as to whether it would be equitable or

inequitable to grant the motion must depend upon the facts existing at the time the application is made. The court must take into consideration that a large part of the real estate which descended to the heirs has in good faith been aliened by them to innocent purchasers. The plaintiff's mortgage referred to in the complaint was· made by James H. Nellis and wife August 15, 1895, to secure the payment of $2,500 in four years from the date thereof. James H. Nellis died November 6, 1896, and letters of administration were issued to the defendant James B. Nellis November 28th of that year. It appears that after the death of the said James H. Nellis, Ann Wright, the owner of said mortgage, released from the lien thereof two lots, and reduced the rate of interest thereon from 6 to 4 per cent., without the knowledge or consent of any of the heirs. The act was certainly prejudicial to the heirs, especially if they were to be held liable for the deficiency judgment. The defendant James B. Nellis· was made a party to the foreclosure proceedings individually and as administrator, and judgment was obtained against him as administrator for the deficiency, but no judgment was demanded against him individually, and he was notified that no such claim would be made. The judgment obtained in the foreclosure suit was a final adjudication between the parties to that action as to their rights, and is conclusive. The authorities all hold that this rule applies to matters which might have been litigated in the original action as well as to those which are involved in or incidental to the issue or set up as a defense. Jordan v. Van Epps, 85 N. Y. 427. If the defendant James B. Nellis had received notice that he would be held individually liable for the deficiency judgment, he and the other heirs could have protected themselves at the foreclosure sale by bidding the property up to a sufficient amount to satisfy the mortgage, which property was ample security for the mortgage debt. It appears from the opposing affidavits that the property was sold for much less than its actual value. It is quite evident that the plaintiff in the foreclosure proceedings so conducted herself as to lead James B. Nellis and the other heirs to believe that no deficiency judgment would be enforced against them, and for that reason they refrained from protecting the property at the sale. There is· no reason why all the defendants might not properly have been made parties to the action for foreclosure, with a view to charge them personally, in proportion to the value of the real estate inherited by them, for any deficiency that might accrue. Their liability arose out of the obligation of their intestate and ancestor in executing the bond and mortgage. The defendants, as heirs at law of the mortgagor, were respectively liable under section 1843 of the Code for the debts of the decedent to the extent of any interest in the real property that descended from him. The premises covered by the mortgage were primarily liable to pay the mortgage debt. As there was no personal estate, the defendants were secondarily liable, and they should have been made parties in the foreclosure action by virtue of section 1627 of the Code, which provides that any person who is liable to the plaintiff for the payment of the debt secured by the mortgage may be made a defendant in the action; and if he has appeared, or has been personally served

with the summons, the final judgment may award payment by him of any deficiency. The statute provides that the action may be brought against all the heirs jointly (Code, § 1847), that the amount which the plaintiff is entitled to recover shall be apportioned among them in proportion to the value of the real estate descended to the heirs, and that the costs recovered shall in like manner be apportioned among them. Hauselt v. Patterson, 124 N. Y. 357, 26 N. E. 937. In such a case the heirs may allege in their answer and prove that there are other debts of the decedent unsatisfied belonging to the same or prior class of that on which the action is founded, and properly chargeable against the land which descended to them.

Upon the final accounting of the administrator before the surrogate it appeared that the estate was owing creditors over $9,000, and there was no personal property to pay the same, or any part thereof, and yet the plaintiff is seeking to enforce her claim against the heirs to the exclusion of all other creditors. The plaintiff asked and obtained judgment for the deficiency against the administrator, and she should be compelled to take her chances with the other creditors. Her rights are in no respect superior to theirs. The only substantial advantage of the mortgage creditor over other creditors in respect to any land inherited by the heirs, other than that covered by his mortgage, is in the fact that the right of action is not dependent upon the deficiency or personal assets of the decedent. Doubtless the force of the language of the Code is permissive. "It confers power, without exacting the exercise of it in every case. The mortgagee or other holder of the mortgage may ask, in his complaint, for no relief save the foreclosure of the mortgage and a sale of the mortgaged premises; and he may make such allegations and bring in such parties only as are needed to that end. But if the sale does not produce enough to satisfy the mortgage debt, and he wishes to proceed at law upon any obligation or other evidence of debt by which the mortgage debt is further secured, he must have the authority of the court, and takes the hazard of obtaining it; for, as before said, the aim of the statute is to dispose of the matter in one proceeding." Scofield v. Doscher, 72 N. Y. 495.

Section 1628 of the Code of Civil Procedure provides that:

"While an action to foreclose a mortgage upon real property is pending, or after final judgment for the plaintiff therein, no other action shall be commenced or maintained, to recover any part of the mortgage debt, without leave of the court in which the former action was brought."

This section clearly shows that the purpose and object of the statute was to confine all the proceedings to recover the mortgage debt to one court, and to that effect was the decision of Suydam v. Bartle, 9 Paige, 294, which held that the object of the Legislature in passing the statute was to relieve the mortgagor from a double liability, and that where it was evident that the mortgagee could have a perfect remedy against all persons liable for the payment of the debt by a decree over against them for the deficiency, if he had chosen to make them all parties to the foreclosure suit, if he failed to do so it might not be a proper exercise of discretion of the court to allow the action at law to proceed.

In Frank v. Davis, 135 N. Y. 277, 31 N. E. 1101, 17 L. R. A. 306, Earl, C. J., in speaking for the court, said:

"In England, and in this state prior to the Revised Statutes, the court of chancery, in an action to foreclose a mortgage, was not supposed to have jurisdiction to render a personal judgment against the mortgagor upon his bond or covenant to pay the mortgage debt, and such a judgment could only be obtained by an action at law. [Citing several cases thereon.] This was an exception to the general rule that, where a court of equity obtains jurisdiction of an action, it will retain it, and administer full relief, both legal and equitable, so far as it pertains to the same transaction or the same subject-matter. Lynch v. Elevated Railroad Co., 129 N. Y. 274 [29 N. E. 315]. The purpose of this rule was to relieve parties from the expense and vexation of two suits, one equitable and the other legal, where the whole controversy could be adjusted in the one suit. There was no reason, so far as we can perceive, for taking the case of a mortgage foreclosure out of this convenient and beneficent rule; and the lawmakers of this state took early occasion to change the law by providing that a personal judgment for a deficiency may be given in the foreclosure action against any party liable for the mortgage debt. 2 Rev. St. (1st Ed.) p. 191, pt. 3, c. 1, tit. 2, §§ 151, 154. They went further than the equitable rule, and authorized a personal judgment, not only against the mortgagor, as to whom equitable relief could be had, but also against any other person who was obligated for the payment of the same debt."

In Scofield v. Doscher, supra, the court says:

"We must assume that the statute was enacted to give the court in which the foreclosure of the mortgage was had full jurisdiction over the whole subject, and to save the necessity of actions at law, and to allow one court to dispose of the whole subject, instead of compelling parties to resort to other tribunals. The need or reason for such legislation was shown in Equitable Life Ins. Society v. Stevens, 63 N. Y. 343, and is applicable to every case where the owner of the mortgage has any personal security for the mortgage debt, whether it be the bond of the mortgagor or the covenant of another person. * * * It is not difficult to see that cases might arise in which leave to sue upon the bond should not be granted upon any terms. The mortgagee may have so acted as to induce the party liable for the deficiency to refrain from protecting the property at the sale, and the property, though amply sufficient to pay the mortgage debt, may have been bought in by the mortgagee for a trifling sum. Other circumstances might exist which would be sufficient to induce the court to withhold its leave to sue upon the bond."

It is perfectly clear that, if the plaintiff is permitted to maintain this action, great injustice will be done the defendants. The motion therefore is denied, with $10 costs.

Motion denied, with $10 costs.