### BANKERS' SURETY CO. v. MEYER et al.

(Supreme Court, Appellate Division, First Department. November 17, 1911.)

EXECUTORS AND ADMINISTRATORS (§§ 430, 443*)—ENFORCEMENT OF CLAIMS—EQUITABLE REMEDY.

A holder of a disputed unmatured claim against a decedent's estate, who cannot avail himself of remedies given by Code Civ. Proc. § 1822 et seq., except the remedy of commencing an action against the administrator for the recovery of the claim which is inadequate because no part of the claim will be due for three years, and who cannot compel the filing of an inventory or an accounting in the Surrogate's Court, may proceed in equity against the administrator, who is a trustee subject to the jurisdiction of equity, and a complaint which alleges that decedent was indebted on unmatured notes, that the administrator had rejected the claim on the notes duly presented, and that the notes will not mature until several years after decedent's death, states a cause of action in equity.

[Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. §§ 430, 443.*]

Appeal from Special Term, New York County.

Action by the Bankers' Surety Company against Christian D. Meyer and another, administrators of Frederick Meyer, deceased. From an order denying a motion for judgment on the pleadings, plaintiff appeals. Reversed, and motion granted, with leave to defendant to answer.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

William H. Hamilton, for appellant.

R. F. Rabe, for respondents.

SCOTT, J. Appeal from an order denying plaintiff's motion for judgment upon the pleadings, which consists of a complaint and a demurrer for general insufficiency.

The complaint alleges, after a statement of plaintiff's incorporation and capacity to sue, that on or about December 15, 1908, one Frederick Meyer duly made, executed, and delivered to one Louis Kressel his five promissory notes, in the sum of $1,200 each, with interest, payable on the 15th day of December in each year from 1914 to 1918, inclusive; that thereafter said Kressel indorsed and delivered the notes

to plaintiff who now owns and holds them; that said Frederick Meyer, the maker of the notes, died intestate on September 23, 1909, and that thereafter letters of administration upon his estate were duly issued to defendant, who duly qualified and still is and remains such administrator; that the claim arising upon said notes was duly presented to said defendant who refused and rejected it. All of these facts are, of course, admitted by the demurrer. The prayer for relief is that the notes be declared good and valid instruments, and that a sufficient amount of the property of the decedent be set aside to meet and pay said notes as they respectively mature.

The plaintiff finds itself in a peculiar position to which the Code remedies for determining and enforcing claims against a decedent's estate are apparently inapplicable. The remedies provided by the Code of Civil Procedure for the enforcement of a claim are threefold. First. The claimant may accept the offer of the executor or administrator, if made, to refer the claim to a referee (Code Civ. Proc. § 2718), but this is of no avail to the plaintiff, since no offer has been made by the administrator. Second. The claimant may within six months after the rejection of the claim file a written consent with the surrogate that the claim be heard and determined by him upon the settlement of the account of the executor or administrator, and, if a similar consent is filed by the executor or administrator, the surrogate acquires jurisdiction to hear and determine the claim. Code Civ. Proc. §§ 1822, 2743. This remedy, however, is unavailing in the present case for lack of a consent by the administrator. Third. The claimant may commence an action against the executor or administrator for the recovery of the claim. Code Civ. Proc. § 1822. Clark v. Scovill, 191 N. Y. 8, 83 N. E. 659. The last-mentioned remedy, which is the only one open to a claimant except with the consent of the executor or administrator, can scarcely be deemed adequate under the circumstances disclosed in the present case. Section 1822 provides that an action upon a disputed claim must be begun "within six months after the dispute or rejection, or, if no part of the debt is then due, within six months after a part thereof becomes due." This clearly recognizes, as is undoubtedly the law, that an unmatured debt is entitled to the same protection and remedies as one which has matured before the death of the debtor, and section 2745 requires the surrogate in certain cases to require a fund to be set aside to meet unmatured claims. Under section 1822 the plaintiff cannot presently commence an action at law, because no part of the debt is due, or will be due until December 15, 1914, three years from the present time. Whether he could or must sue upon all the notes within six months after the first one becomes due may be a matter of some doubt. See Cornes v. Wilkin, 79 N. Y. 129. That, however, is not important to consider now. It is sufficient for present purposes that an action at law must at all events be postponed for three years.

As was pointed out in Clark v. Scovill, supra, it was the purpose of the Legislature in adopting those sections of the Code of Civil Procedure which deal with the adjustment of claims against decedents' estates to provide a method whereby, if the parties so desired, such

estate might be wound up speedily and inexpensively, but, where one party or the other shows an indisposition to avail of these provisions, it is the right of a claimant to ask for reasonable protection and security. The position of a claimant who holds a disputed unmatured claim upon which he cannot for a considerable period of time commence an action at law is peculiarly unfortunate. He cannot, in this county, compel the filing of an inventory (Matter of Huntington, 39 Misc. Rep. 477, 80 N. Y. Supp. 220), and therefore cannot proceed for the removal of the administrator for failure to file an inventory (Matter of Moulton's Estate, 10 N. Y. Supp. 718).[1] He cannot compel an accounting in the Surrogate's Court (Matter of Whitehead, 38 App. Div. 319, 56 N. Y. Supp. 989), and therefore, of course, cannot proceed against an executor or administrator for failure to file an account. He may be cited to attend upon an accounting (section 2728, Code Civ. Proc.), and the decree of distribution would apparently be conclusive upon him (section 2743), but he could gain nothing by such appearance. The surrogate would have no jurisdiction to pass upon the validity of the claim without the consent of the executor or administrator. Sections 1822, 2743. The decree cannot provide that he be paid because the surrogate is required to direct distribution among the creditors whose claims are admitted or established and the next of kin (section 2743) ; nor can the surrogate require a fund to be set aside to meet the claim because his power in that regard is limited to an admitted debt of the decedent not yet due, or one upon which an action is pending, between the claimant and the executor or administrator (section 2745). Unless, therefore, the holder of an unmatured, disputed claim may maintain an action similar to the present, he may be obliged to stand idly by, and see the estate squandered, wasted, or distributed without the power to do one single thing for his own protection, relying only upon the possibility that, when his debt does mature, the executor or administrator may be personally capable of paying it. It is common knowledge, fortified by many cases in the books, that such reliance often proves to be unsatisfactory.

We think that under the circumstances a proper case is made out for the interposition of equity. The jurisdiction of courts of equity over executors and administrators has long been recognized, and while such courts are indisposed to assume jurisdiction unnecessarily, as where full relief can be obtained in the Surrogate's Court, the right to intervene still exists and will be exercised in cases like the present, wherein the statutory limitations upon the power of the Surrogate's Court are inadequate to protect a claimant. In such cases the statutory remedies are not deemed exclusive. A sufficient precedent for the present action is to be found in Ludington v. Thompson, 153 N. Y. 499, 47 N. E. 903. In that case a creditor of an insolvent corporation held eight promissory notes of the corporation maturing at future dates. His claim was rejected by the receiver, and he sued, as does the present plaintiff, for the purpose of establishing his status as

[1] Reported in full in the New York Supplement; reported as a memorandum decision without opinion in 57 Hun, 589.

a creditor and his interest in the assets of the corporation. The court in sustaining his right to sue said:

"It is important to notice the real nature of the action. It is in form an action upon the notes, and judgment has been rendered thereon against the defendant in his representative character. In fact, it is an action ·to ascertain and establish the status of the plaintiff as a creditor of the corporation, and as such entitled to share in the distribution of its assets in the hands of the receiver. * * * The action, we repeat, is not in a proper sense an action brought on obligations evidenced by the notes, but to ascertain whether the plaintiff was a creditor and by reason thereof entitled to share in the distribution of the estate of the corporation."

After pointing out that the assets of an insolvent corporation are a trust fund in the hands of the receiver for the benefit of the creditors and stockholders, the court further said:

"It was not a trust fund for the then ascertained creditors, but for all who should establish their status as creditors in the due course of the administration of the trust."

The Special Term was of opinion, as the respondent now argues, that the case above cited is not analogous to the present because the estate of a decedent in the hands of his executor or administrator is not a trust fund for the benefit of his creditors. This view is erroneous. It has often been held that an executor or administrator is a trustee, and is in that capacity subject to the jurisdiction of a court of equity. In Wager v. Wager, 89 N. Y. 161, it is said:

"An executor is always a trustee of the personal property of the estate, and can be called upon to account therefor in a court of equity, even though no express trust be created by the will."

In Babcock v. Booth, 2 Hill, 184, 186, 38 Am. Dec. 578, it was held that an administrator could sue to set aside fraudulent transfers, which his intestate could not himself have avoided; the reason being that the administrator stood in the position of a trustee for the creditors. Upon this point the court said:

"In Dox v. Backenstose, 12 Wend. 543, it was remarked by Savage, Ch. J., that under our present statute executors and administrators have a new character, and stand in a different relation from what they formerly did to creditors of the deceased persons with whose estates they are entrusted. They are not now the mere representatives of their testator or intestate. They are constituted trustees, and the property in their hands is a fund to be disposed of in the best manner for the benefit of the creditors."

To the same effect is City of New York v. U. S. Trust Co., 35 Misc. Rep. 639, 72 N. Y. Supp. 121, affirmed 78 App. Div. 366, 79 N. Y. Supp. 1010, 178 N. Y. 551, 70 N. E. 1097, wherein the court upheld an action in equity to reach a decedent's property, although no precise provision of the Code could be found under which the action could be maintained. The decision was placed upon the express ground that the assets of the estate constituted a trust fund upon which in equity the creditor had a lien.

We are therefore of the opinion that the complaint states a sufficient cause of action, and that the motion for judgment upon the pleadings should have been granted. The order appealed from is therefore re-

versed, with $10 costs and disbursements, and the motion granted with $10 costs, with leave to defendant, however, to withdraw his demurrer and to serve an answer within 20 days on payment of costs in this court and in the court below. All concur.