In the Matter of the Application of PRESIDENT AND DIRECTORS OF THE MANHATTAN COMPANY to Vacate Decree and Surcharge the Executors of the Last Will and Testament of JAMES J. RIORDAN, Deceased.

PRESIDENT AND DIRECTORS OF THE MANHATTAN COMPANY, Appellant; DANIEL J. MOONEY and LAWYERS TRUST COMPANY, as Executors, etc., of JAMES J. RIORDAN, Deceased, Respondents.

First Department, May 28, 1937.

*Leslie Clifford* of counsel [*Baldwin, Todd & Young*, attorneys], for the appellant.

*Adrian D. Stevenson* of counsel [*White & Case*, attorneys], for the respondents.

UNTERMYER, J.  The deceased, whose executors are the respondents on this appeal, died on November 8, 1929.  At the time of his death he was the owner of certain real property in the borough of Manhattan, subject to a mortgage of $42,500 maturing on January 1, 1931.  On December 10, 1930, the mortgage was assigned to the petitioner pursuant to an agreement whereby it was extended to January 5, 1934, and the executors assumed liability for the mortgage debt on behalf of the estate.  The mortgage as thus extended continued as an open mortgage until August 26, 1935, at which time the petitioner commenced an

action to foreclose, which resulted in a sale of the premises and a deficiency judgment of $506.25 against the respondents as executors.

Attempts to collect upon the deficiency judgment revealed that the executors had distributed all the assets of the estate. In July, 1934, they had filed with the surrogate of New York county an account of their proceedings and a supplemental account in January, 1935. A final decree approving their accounts and discharging the executors was made on February, 25, 1935. In March, 1935, the executors, pursuant to the decree, delivered all the assets of the estate to Cathedral Corporation, which, with the exception of the petitioner, was its sole creditor. No notice of the accounting or of the application for a decree discharging the executors was given to the petitioner.

In December, 1936, the petitioner moved for an order vacating the decree settling the executors' accounts, permitting the petitioner to file its claim and to surcharge the executors with the amount due. The motion was denied by the surrogate upon the ground that the petitioner as a contingent creditor had not, within the time prescribed for the submission of claims or before distribution of the estate, filed a claim in accordance with section 207 of the Surrogate's Court Act.

We think that section 207 does not apply to a claim which has not been incurred by the deceased but is the direct obligation of the executors. This must be so because section 207 refers only to contingent or unliquidated claims existing " at the death of any person." It must also be so because, as would appear to be the situation here, the liability incurred by the executors may not have been created until after the time had expired within which claims are required to be submitted in accordance with section 207. Furthermore, there would ordinarily be no necessity for the filing of a claim which the executors have incurred, since the publication of the notice specified in section 207 would furnish no defense to the executors where they have actual knowledge of the liability. (*Matter of Gill*, 199 N. Y. 155; *Matter of Recknagel*, 148 App. Div. 268.) For these reasons we conclude that section 207 is not applicable here.

If this be so, then the only question which remains is whether the executors were justified in distributing without making any provision for the petitioner's claim because it is a contingent liability. We think that effectually to protect themselves, the executors, who had knowledge of the existence of the liability, should have cited the petitioner in the same way that any other creditor was entitled to be cited in the proceedings for the distribution of the estate. In this way the extent of their liability to the petitioner could

have been determined and the petitioner would have been afforded an opportunity to establish its claim. " Whether the claim of a creditor be contingent or absolute, he is entitled to his day in court, on the question of the distribution of the assets of the estate. The mere fact that a claim against an estate is unliquidated, conditional or contingent, does not vary the essential basic fact that it is nevertheless a claim, and that the rights of the individual holding it are those of a creditor in the ordinary sense. These rights the fiduciary can knowingly disregard only at his peril." (*Matter of Shafran*, 143 Misc. 754.) Otherwise it might result that the estate would be distributed, as appears to have occurred here, without affording a contingent creditor any opportunity to prove his claim.

It does not follow, however, that the respondents should be surcharged with the amount of the petitioner's unpaid claim, for it may be that the assets of the estate were insufficient to satisfy its liabilities in full, nor does it follow that the deficiency judgment entered April 23, 1936, represents the reserve which the surrogate would have required to be provided in February, 1935, if the executors had cited the petitioner. Consequently the matter should be remitted to the surrogate to determine the amount of the contingent liability of the estate, if any, as of February, 1935, and to surcharge the respondents only for the *pro rata* amount which the petitioner would have been entitled to receive on the distribution of the estate.

The order appealed from should be modified by vacating the final decree settling the account of the proceedings of the respondents and the matter remitted to the surrogate for action in accordance with this opinion, and as so modified affirmed, with twenty dollars costs and disbursements to the appellant.

MARTIN, P. J., O'MALLEY and TOWNLEY, JJ., concur; GLENNON, J., dissents and votes to affirm.

Order modified by vacating the final decree settling the account of the proceedings of the respondents and remitting the matter to the Surrogate's Court for further action in accordance with opinion, and as so modified affirmed, with twenty dollars costs and disbursements to the appellant.