EMIGRANT INDUSTRIAL SAVINGS BANK, Appellant, *v.* NEW ROCHELLE TRUST COMPANY, as Executor of GERTRUDE A. ALDERDICE, Deceased, Respondent.

Second Department, November 22, 1943.

*John E. McAniff, Joseph A. Doran* and *Edwin A. Berkery* for appellant.

*Albert Ritchie* for respondent.

CARSWELL, J. Gertrude A. Alderdice died on July 21, 1936, seized of a parcel of real property in New Rochelle. It was subject to a mortgage for $22,500, which was security for a bond, the payment of which she personally had assumed under an extension agreement. In her will she devised the parcel in trust for the benefit of certain individuals. Upon probate of the will letters testamentary were issued on August 10, 1936, to the defendant. The plaintiff had acquired the bond and mortgage on March 30, 1931. The plaintiff and the defendant executor on December 29, 1936, executed an extension agreement whereby the due date of the bond and mortgage was extended and the interest reduced from six per cent to four per cent. Certain installments of interest and taxes due in 1942 were not paid, whereupon plaintiff brought this action, *inter alia,* to recover the same from the defendant executor. The executor resisted on the ground that the estate was only secondarily liable for the payments plaintiff sought to recover and that plaintiff had not foreclosed the mortgage or otherwise had resort to the real property.

Plaintiff thereupon moved for judgment on the pleadings, and the defendant made a cross motion for judgment dismissing the complaint. Plaintiff's motion was denied and defendant's cross motion granted; and from the order and judgment entered thereon plaintiff appeals.

Plaintiff seeks to recover because of the execution of the extension agreement by the defendant. In effect it asserts that the execution of that agreement by defendant executor constituted the creation of a new obligation by the estate which made inapplicable section 250 of the Real Property Law which the defendant invokes.

When the executor signed the extension agreement it merely continued an existing obligation of the testatrix, who had assumed the payment of the bond. The executor did not create a new obligation or liability. The extension agreement merely reduced an existing interest burden of decedent and extended the due date of an existing obligation of the testatrix.

When the testatrix, aware that she was obligated on the bond, devised this parcel she did so presumably subject to section 250 of the Real Property Law. The terms of the will so reveal. Her other testamentary dispositions necessarily were made on that assumption. Otherwise they might be defeated if section 250 were not enforced. That section provides that when real property is devised subject to a mortgage, recourse must be had to the devisee to satisfy the same without resort to the executor, " unless there be an express direction in the will of such testator, that such mortgage * * * be otherwise paid." The will contains no such express direction. As no new liability was created by the executor, that factor emphasizes the controlling effect of section 250 of the Real Property Law. Hence resort may not be had against this executor in the first instance, and the plaintiff must first proceed against the real property. (*Matter of Burrows,* 283 N. Y. 540; *Matter of Brenner,* 171 Misc. 627, 631, affd. 258 App. Div. 717.) The provision in the will authorizing the executor to make a mortgage does not militate against the foregoing view. A new mortgage or obligation was not made by the executor pursuant to any power bestowed upon it.

*Matter of Segall* (287 N. Y. 52) is not to the contrary. There a second mortgage was involved and recourse to the property was not possible because the prior foreclosure of a first mortgage had exhausted the security. In *Matter of Riordan* (251 App. Div. 305) the decedent was not obligated on the bond, and the executor created a new liability.

The order and judgment should be affirmed, with ten dollars costs and disbursements.

CLOSE, P. J., HAGARTY, CARSWELL, JOHNSTON and ADEL, JJ., concur.

Order and judgment unanimously affirmed, with ten dollars costs and disbursements. [See *post,* p. 820.]