EMIGRANT INDUSTRIAL SAVINGS BANK, Appellant, v. NEW ROCHELLE TRUST COMPANY, as Trustee under the Will of GERTRUDE A. ALDERDICE, Deceased, Respondent.

First Department, December 22, 1947.

*John E. McAniff* of counsel (*Lester T. O'Connor* and *Joseph C. Wolf* with him on the brief; *Edwin A. Berkery*, attorney), for appellant.

*Albert Ritchie* of counsel (*Seacord, Ritchie & Young*, attorneys), for respondent.

SHIENTAG, J. This is an action brought to follow assets of an estate duly distributed to legatees.

Plaintiff was the mortgagee and Mrs. Alderdice the owner of property in New Rochelle. The mortgage amounted to $22,500. Mrs. Alderdice had executed the usual bond. She died in 1936 leaving a son and daughter, both minors. Her will was probated in Westchester County and the residue was left in trust to the defendant to be divided into equal parts for the benefit of the two children. When the will was probated, both letters testamentary and letters of trusteeship were issued to defendant. On November 14, 1936, $30,000 in cash was turned over by the executor to itself as trustee and the appropriate trusts were set up. On December 29, 1936, the mortgagee agreed with the trust company to extend the mortgage to July 1, 1939, and to reduce the rate of interest to 4%. The extension agreement was signed by defendant in its capacity as executor.

On December 31, 1937, defendant as executor accounted but did not cite plaintiff on the accounting. (*Matter of Riordan,* 251 App. Div. 305; *Matter of Huscher,* 251 App. Div. 156; *Matter of Segall,* 287 N. Y. 52.) Plaintiff claims it had no actual notice. At any rate, no request was made to reserve funds to pay any possible deficiency judgment under this mortgage. A decree was entered by the Surrogate of Westchester County discharging defendant as executor and directing that the remaining assets be transferred to defendant in its capacity as trustee. On January 13, 1938, all remaining assets, including the real property on which plaintiff held the mortgage and cash of some $8,000; were turned over. The failure of the plaintiff to file a claim does not defeat its right to maintain the present action. (*City of New York* v. *U. S. Trust Co.,* 35 Misc. 639, affd. 78 App. Div. 366, affd. 178 N. Y. 551; see, also, *Bankers Surety Co.* v. *Meyer,* 146 App. Div. 867, affd. 205 N. Y. 219.)

On July 1, 1939, the extension agreement expired but the interest and taxes were paid and plaintiff granted a further reduction to 3% until July 1, 1942. In the summer of 1942, the trustee defaulted in payment of interest and taxes. Thereafter plaintiff brought an action against defendant to recover unpaid installments of interest and taxes. This action failed on the ground, briefly stated, that the plaintiff in the first instance had to proceed against the real property (see *Emigrant Industrial Savings Bank* v. *New Rochelle Trust Company,* 266 App. Div. 1021, 267 App. Div. 124).

On April 26, 1944, plaintiff brought an action to foreclose the mortgage. In the foreclosure action, defendant was sued both as executor and as trustee but a deficiency judgment was requested against defendant only in its capacity as executor. On April

10, 1945, a deficiency judgment of $6,384.15 was entered against defendant as executor. Plaintiff was unable to satisfy the judgment against the executor since all of the assets of the estate had been transferred to the trustee. Thereupon, a proceeding was brought in May, 1945, to vacate the decree settling the accounts of defendants as executor in the amount of the deficiency judgment. On December 27, 1945, this motion was denied. On April 2, 1946, the present action was commenced.

The trial justice has held that the payment over to the trust company was a final distribution of assets in the hands of the executor; that plaintiff's rights if any are only such as were secured to it by article 7 of the Decedent Estate Law and that this article does not support an action against the defendant as trustee. The learned trial justice also noted that any right which plaintiff had to a deficiency judgment against the estate was conclusively settled by the judgment in the foreclosure action.

The question before us is whether a judgment could have or should have been taken against the trustee in the foreclosure suit to which it had been made a party.

It is provided in section 170 of the Decedent Estate Law that an action may be maintained against the legatees of a testator to recover to the extent of the assets paid or distributed to them for a debt of the decedent upon which an action might have been maintained against the executor or administrator. A deficiency judgment is a debt covered by the section (*Matter of Horner,* 149 Misc. 695; *Matter of Perkins,* 122 Misc. 593). Subdivision 3 of section 1079 of the Civil Practice Act provides that in a foreclosure action any person who is liable to the plaintiff for payment of a debt secured by the mortgage may be made a defendant in the action. Section 1083 of the Civil Practice Act provides that if a person who is liable to the plaintiff for payment of a debt secured by the mortgage is made a defendant in the action, the final judgment may award payment by him of the whole residue or so much thereof as the court may determine to be just and equitable of the debt remaining unsatisfied after a sale of the mortgaged property. It is also provided that, if no motion for a deficiency judgment shall be made as prescribed, the proceeds of the sale regardless of amount shall be deemed to be in full satisfaction of the mortgage debt. Furthermore, paragraph (a) of subdivision 1 of section 1079 of the Civil Practice Act provides that a trustee holding real property shall be made a party in a foreclosure action.

We are of the opinion that the learned court below has misconstrued the provisions of sections 1078 and 1083-a of the Civil Practice Act insofar as they may be deemed to have any application to the situation here presented. Those sections which deal with an action to foreclose a mortgage were designed to govern the legal relations between a plaintiff in a foreclosure action and a defendant who was personally liable for payment of the mortgage debt. The sections were not directed against persons such as devisees or legatees who had not assumed liability for payment of the mortgage but who might ultimately be called upon to make payment because the legacies in their hands were equitably subject to the payment of the decedent's just debts. Subdivision 3 of section 1079 speaks of a person who was liable " for the payment of the debt secured by the mortgage." That means a person who has assumed liability for the debt, one who has made a promise to pay. The sections referred to provide that a plaintiff who does not make a motion for deficiency judgment in a foreclosure action may not obtain a deficiency in any other action or proceeding. The sections, however, do not provide that a plaintiff who has obtained a deficiency judgment in a foreclosure action may not thereafter enforce payment of the judgment against those who may be ultimately liable for such payment. (Cf. *Matter of McLaren*, 172 Misc. 205, 207.)

The trustee being the owner of the fee was a necessary and proper party in the foreclosure action. Not having assumed the obligation to pay the mortgage debt, no deficiency judgment could be demanded against him. It was by no means certain when the foreclosure action was instituted that a deficiency judgment could be obtained against anyone. That question could only be determined when the fair and reasonable value of the mortgaged premises was fixed. The only person against whom any deficiency judgment could have been recovered in the foreclosure action was the person who had agreed to pay. The decedent was the one who gave the bond and her executor was the only one against whom a deficiency judgment was recoverable (3 Wiltsie on Mortgage Foreclosure [5th ed.], § 990).

Assuming arguendo that in the foreclosure action the plaintiff could have asked for conditional relief against the trustee and the legatees by way of deficiency judgment, it does not follow that plaintiff was obliged to do so or that by failing to do so plaintiff thereby forfeited its right to proceed under article 7 of the Decedent Estate Law or under general equitable

principles. (*Buckley* v. *Beaver,* 99 Misc. 643, affd. 182 App. Div. 888.)

The doctrine of *res judicata* has no application. A judgment on one cause of action is not *res judicata* as to another cause of action between the same parties when the other cause of action has not been litigated even though it could have been (*Perry* v. *Dickerson,* 85 N. Y. 345; *Cook* v. *Conners,* 215 N. Y. 175, 178; *Karameros* v. *Luther,* 279 N. Y. 87, 91). Moreover there are substantial differences between the foreclosure proceeding and the present action. (*Sielcken-Schwarz* v. *American Factors, Ltd.,* 265 N. Y. 239, 244.) In the foreclosure proceeding the plaintiff sought to acquire title to the property, to cut off all other interests in it and to obtain a deficiency judgment against the executor, the only one liable for such a judgment. The trustee was a necessary party because it held title to the property. The only relief which plaintiff requested against the trustee was to acquire title from it. No adjudication was asked or received regarding the liability of the trustee or the legatees to make any payment. There would never have been anything due from them if the deficiency judgment had not been obtained. It was only after entry of the deficiency judgment that the trustee and the legatees became liable to the extent of the estate funds in their hands. The causes of action in the complaint now before the court were not before the court in the foreclosure proceeding.

The trustee now contends that, if the plaintiff in the foreclosure action had made claim against the defendant as trustee, it could have protected itself by answering the claim or bidding the property at the foreclosure sale up to its fair value or taking such other means as in its judgment would best serve the estate in its hands. The executor and trustee in this case are the same. It is true that a defendant as executor is a different juridical entity from a defendant as trustee. However, under the present law the bid received at the foreclosure sale is not determinative. The court grants a deficiency judgment only when the amount due is in excess of the fair and reasonable market value of the property. The amount bid at the sale is immaterial. The executor contested the demand for a deficiency judgment. In its capacity as trustee it had owned the property for several years after the death of the testatrix and was in a position to know its value. It could have taken whatever steps it deemed proper to protect its interests as trustee and the interests of the beneficiaries of the trust. (*Rowley* v. *Nellis,* 41 Misc. 315, revd. 87 App. Div. 621.)

The decision in *Honeyman* v. *Hanan* (275 N. Y. 382) relied upon by defendant refers to parties who have either directly or collaterally promised to pay the mortgage and should not be extended to cover parties who are liable merely by operation of law to the extent of the legacies which have been paid to them.

The judgment should be reversed, with costs and judgment directed against the defendant New Rochelle Trust Company under the first cause of action to the extent that defendant trust company is a legatee under the will; that is to say, to the extent of 94.4% of the assets of the estate.

PECK, P. J., COHN and VAN VOORHIS, JJ., concur; GLENNON, J., dissents and votes to affirm.

Judgment reversed, with costs and judgment directed against the defendant New Rochelle Trust Company under the first cause of action to the extent that defendant trust company is a legatee under the will; that is to say, to the extent of 94.4% of the assets of the estate. The findings inconsistent with this determination should be reversed and such new findings made of facts proved on the trial as are necessary to sustain the judgment hereby awarded. Settle order on notice.