MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, Appellant-Respondent, v. MAX S. WEIL et al., Individually and as Executors and Trustees under the Will of SAMUEL WEIL, Deceased, et al., Respondents-Appellants.

First Department, May 8, 1951.

*Morris J. Bricker* of counsel (*Arnstein & Levy,* attorneys), for respondents-appellants.

*Vincent Keane* of counsel (*Haughton Bell,* attorney), for appellant-respondent.

*Per Curiam.* The plaintiff is the holder of a bond secured by mortgage covering premises known as 220 Lenox Avenue, New York City. It brings this action against the executors

(officially and individually) and the distributees of a decedent liable for payment of the bond under a mortgage extension agreement executed in his lifetime. The corporate owner of the mortgaged realty, which was organized for the purpose of convenience in handling the decedent's estate, has also been joined as a party defendant in the action.

The mortgagee and the decedent entered into the agreement aforesaid on October 16, 1924, extending the time for payment of the mortgage indebtedness to December 1, 1927. Meanwhile, and prior to maturity of the bond and mortgage as extended, the decedent died on February 14, 1925, leaving a last will and testament admitted to probate in New York County on March 2, 1925. It appears that in December, 1941, the plaintiff was advised of an intention to default on failure of the mortgagee to make concessions or modifications in the terms of the mortgage.

The plaintiff, however, did not commence this suit until years after distribution, although aware of the administration of the decedent's estate. The mortgagee also failed to make any application under section 207 of the Surrogate's Court Act for reservation of an amount to pay a contingent claim based on the mortgage.

We think that under the circumstances of this case section 250 of the Real Property Law, as construed by the authorities, requires the mortgagee to proceed first against the real property as the primary fund for satisfaction of the mortgage and establish a foreclosure deficiency before recovering a money judgment against any of the defendants (*Matter of Burrows,* 283 N. Y. 540; *Emigrant Ind. Sav. Bank* v. *New Rochelle Trust Co.,* 267 App. Div. 124, motion for leave to appeal denied 292 N. Y. 724; *Emigrant Ind. Sav. Bank* v. *New Rochelle Trust Co.,* 38 N. Y. S. 2d 193, affd. 266 App. Div. 1021, motion for leave to appeal denied 292 N. Y. 724; *Levy* v. *Comfort,* 13 N. Y. S. 2d 845, affd. 257 App. Div. 1037).

The executors may be joined as parties defendant to the foreclosure suit for the purpose of determining liability of the decedent's estate for a deficiency, if any, on the bond (Decedent Estate Law, § 116), which may be collectible thereafter from the persons to whom the estate has been distributed (Decedent Estate Law, § 170; *Emigrant Ind. Sav. Bank* v. *New Rochelle Trust Co.,* 273 App. Div. 62, affd. 297 N. Y. 996). Thus, the several statutes (Real Property Law, § 250; Decedent Estate Law, §§ 116, 170) are given full effect according to their terms, readily reconciled, and their symmetry preserved without con-

flict. Indeed, it may be that in the foreclosure action the plaintiff can seek conditional relief against the distributees by way of deficiency judgment (see *Emigrant Ind. Sav. Bank* v. *New Rochelle Trust Co.*, 273 App. Div. 62, 66, *supra*).

Accordingly, at this time it becomes unnecessary to pass on the further question as to whether the period of grace in the acceleration clause of the extension agreement was operative to overcome the defense of the Statute of Limitations.

The order granting plaintiff's motion for summary judgment and the judgment entered thereon should be reversed, with one bill of costs to defendants-appellants and the motion denied; the order denying defendants' motion for summary judgment should be reversed and the motion granted and judgment should be entered herein dismissing the complaint, with costs. The appeal by plaintiff from the order denying its motion to resettle the order granting summary judgment should be dismissed, without costs.

Dore, J. (dissenting). Under the provisions of section 116 and section 170 of the Decedent Estate Law and for the reasons stated in the opinion by the learned Special Term, I dissent and vote to affirm the orders and judgment appealed from in all respects except one; viz., to modify on plaintiff's appeal so as to direct judgment against Max S. Weil as distributee. Special Term did not pass on the merits of plaintiff's application for resettlement in that respect, but denied that motion because an appeal had already been taken; in the circumstances disclosed, that denial was proper and the order of May 2, 1950, should be affirmed; but this court may and should consider the merits; and there is no merit whatever to any claim that Max S. Weil as a distributee should be treated differently from the other distributees similarly situated against whom judgment has been granted in plaintiff's favor.

For the reasons stated, I dissent and vote to affirm on defendants' appeal and to modify in the one respect above noted on plaintiff's appeal and, as so modified, to affirm the orders and judgment appealed from.

Glennon, J. P., Callahan, Van Voorhis and Shientag, JJ., concur in *Per Curiam* opinion; Dore, J., dissents in opinion.

Order granting plaintiff's motion for summary judgment and the judgment entered thereon reversed with one bill of costs to defendants-appellants and the motion denied; order denying defendants' motion for summary judgment reversed and the

motion granted and judgment is directed to be entered dismissing the complaint herein, with costs. Appeal by plaintiff from order denying its motion to resettle the order granting summary judgment dismissed, without costs. Settle order on notice.