In re SCOVILL et al. In re HYLAND'S WILL. CLARK v. HYLAND'S ESTATE.

(Surrogate's Court, Livingston County. December 4, 1914.)

1. JURY (§ 10*)—CONTESTED CLAIMS—MODE OF TRIAL—STATUTORY PROVISIONS —RETROACTIVE EFFECT.

By stipulation between the executors and claimant it was agreed that a contested claim should be heard before the surrogate on settlement of the executors' accounts. The claim was so heard, and after the reversal of a finding adverse to the claimant it was adjudicated in a suit on the claim that the claimant was not entitled to a hearing, except before the surrogate. Thereafter the Surrogate's Code was amended (Laws 1914, c. 443), so that section 2538 provides for trial by jury in the Surrogate's Court. *Held*, that in view of section 2771, which provides that nothing in the Surrogate's Code shall affect any pending proceeding, the claimant was not entitled to a jury trial upon the subsequent hearing of her claim before the surrogate.

[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 15, 16, 27½; Dec. Dig. § 10.*]

2. JURY (§ 25*)—DEMAND FOR JURY TRIAL—ENTRY OF ORDER.

Where claimant did not demand a jury trial until the hearing of her claim before the surrogate, she cannot, her request having been denied, require the surrogate to enter a formal order of denial.

[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 154–173; Dec. Dig. § 25.*]

Judicial settlement of the accounts of Edward Tracy Scovill and another, as executors of John Hyland, deceased, in which Margaret E. Clark asserted a claim. Claimant's demand for a jury trial being denied, claimant requested the signing of a formal order denying the request. Order denied.

Peck & Whitbeck, of Rochester, for executors.

Charles D. Newton and E. P. Ward, both of Geneseo, for claimant.

ABBOTT, S. This is a special proceeding, instituted by the filing of a petition for the judicial settlement of the accounts of the executors of John Hyland, deceased, filed December 29, 1905. Prior to that time Margaret E. Clark had presented a claim to the executors of said estate upon a note of $10,000, dated February 1, 1900, which she claimed was executed and delivered to her by John Hyland on or about that date. By stipulation between the executors of the estate and the claimant—stipulation of the executors dated May 14, 1901, and of the claimant May 20, 1901—it was stipulated that this claim be heard before the surrogate on the judicial settlement of the accounts of the

executors of said estate. Thereafter the claim was heard by Hon. E. P. Coyne, surrogate of Livingston county, and a decision rendered adverse to the claimant. The matter was then appealed to the Appellate Division, and said decision of the surrogate was reversed, and the case sent back to this court for a new trial.

Thereafter an action was commenced in the Supreme Court of Steuben county for the collection of this claim, to which the executors interposed an answer, which was demurred to by claimant. That demurrer was argued at Special Term, and sustained. An appeal was thereafter taken to the Appellate Division, and the demurrer was reversed, and an appeal was thereafter taken to the Court of Appeals, and the decision of the Appellate Division was sustained, and the case was ended. In that decision of the Court of Appeals the court held that, the claimant having elected to try this claim before the surrogate of Livingston county, she could not thereafter try it before any other court or in any other manner. Thereafter the case came on for another hearing before Surrogate Reynolds, of Allegany county, on an order from the surrogate of this county designating him to try the claim, on the ground that the surrogate of Livingston county was disqualified, and the decision of Surrogate Reynolds was in favor of the claimant. Thereafter an appeal was taken to the Appellate Division, and the decision of Surrogate Reynolds was reversed, and the case sent back to this court for a new trial, which is the situation of the case to-day.

The claimant, as an incident on the retrial of the case before the surrogate of this county, demands a trial by jury, under the new amended Surrogate's Court Code, § 2538. On neither of the former trials of this proceeding was any demand made for a trial by jury, as far as this court is informed. Prior to the 1st of September, 1914, since which time a trial by jury was possible in such a proceeding in Surrogate's Court, or even of any portion of a trial sent to a jury for that purpose, under the decision of the Court of Appeals in Clark v. Hyland, 191 N. Y. 14, 83 N. E. 659, the status of the proceeding and the manner of the trial of this claim as the law stood prior to the 1st of September, 1914, was settled and determined, and that it could only be had before the surrogate of this court upon the judicial settlement of the accounts of the executors.

[1] Under the new Surrogate's Code (chapter 443 of the Laws of 1914), which in many respects altered the procedure of this court, a trial by jury is given in certain cases where it is seasonably demanded under section 2538. It is under that section that the claimant now asks for a jury trial in this case, and the court must hold that it is not seasonably demanded in this case, for the reason that it never was before asked on the former trials of the case, and, so far as the court is informed, it never has been the practice in any action. Furthermore, under section 2771 of the new Code, it is expressly provided that:

"Nothing in this chapter shall repeal, amend or modify any existing law * * * which is inconsistent with any section of this chapter, nor in any manner affect any litigation, action or special proceeding pending at the time when this act takes effect, and such pending action or special proceed-

ing shall proceed under the practice established, the same as though not affected by this act."

This court has repeatedly held, in other proceedings, that this section is general in its application, and that all proceedings which were instituted by the filing of a petition prior to the 1st of September, 1914, are governed and controlled solely by the practice as it existed prior to the 1st of September, 1914, which is the case in this proceeding now before us, so that this court must hold that in the trial of this case the proceedings must be the same in practice as they were prior to the 1st of September, 1914, and that it has been already adjudicated, and is res adjudicata in this matter, that the proceeding must be tried before the surrogate of Livingston county on the judicial settlement of this estate.

The request for a jury trial in this matter is therefore denied.

Counsel thereafter requested the surrogate to sign a formal order denying claimant's demand for a jury trial.

ABBOTT, S.   [2] The court is of the opinion that this application, made at the time it was and in the manner it was, is but an incident in the trial of this proceeding in this court, and that neither side is entitled to any specific special order denying or granting such a demand.   If counsel had wished to institute a separate proceeding upon which an order should be made and entered, my opinion is it should have been done prior to moving for trial, and, had it been done in that way, I think they might have been entitled to an order, which could have been reviewed later, but not where the matter comes up on the trial of the case, and the court declines to sign any order in the premises.